GRANT *vs.* SHURTER and others, administrators, &c. of
BENJAMIN ALLIGER, jun.

In an action against the administrators of a deceased partner, the surviving partner is a competent witness to prove the partnership. In the case of a *joint* contract, if one of the parties dies, his executor is at law discharged from liability, and the survivor alone can be sued; and if the executor be sued, he may plead the survivorship, or give it in evidence under the general issue. The observations of Ld. *Mansfield*, in *Rice* v. *Shute*, (5 *Burr.* 2612,) that "all contracts with partners are joint and several, every partner is liable to pay the whole," had reference to the extent of liability of the partner, and not to the form of proceeding to be pursued by a creditor. The doctrine that an executor of a deceased party may be sued at law in a separate action, applies only to cases where the contract, by the express agreement of the parties, is made joint and several, and does not authorize a creditor to sue the executor of a deceased partner, where the contract is not joint and several.

THIS was an *action of assumpsit*, tried before the Hon. James Emott, one of the circuit judges, at the Ulster circuit, in November, 1827. The declaration contained the usual counts for work, labor and services, goods, wares and merchandize, and *cut stone*, sold and delivered to the intestate. Plea, the general issue.

The plaintiff proved work done by him on a lock on the Delaware and Hudson canal, which the intestate had engaged to construct, and also the furnishing of a quantity of cut stone for the construction of the lock, at the request of the intestate; shewed the value of the work, and of the materials found, and rested his cause.

*Elijah* Alliger was called as a witness on the part of the defendants, who being sworn on his *voire dire*, stated that he

was a partner with Benjamin Alliger, junior, in the building of the lock; that he was interested in, and had taken with him the contract for building and completing the lock, and continued interested and a partner with him until his death ; that he was so interested and a partner at the time the work was done and the materials furnished by the plaintiff. The counsel for the plaintiff objected to his being sworn *in chief*, but the circuit judge allowed him to be sworn, and he then testified as above stated. Several other witnesses were sworn, as well on the part of the plaintiff as of the defendant, and examined as to the fact of partnership, when, in consequence of the decision of the judge as to the admissibility of Elijah Alliger as a competent witness, the plaintiff submitted to a nonsuit, with leave to move this court to set the same aside. A case was made, which was submitted to the court on written arguments.

*Romeyn & Van Buren*, for plaintiff. 1. Elijah Alliger was interested. In case of recovery by the plaintiff, the record would have been conclusive against him on a claim for contribution. He was also interested in saving the defendants from costs. 2. If Elijah was a *known* partner, the plaintiff had a right to sue the representatives of his deceased partner. All contracts with partners are *joint and several*, and every partner is liable to pay the *whole*. (*Rice* v. *Shute*, 5 *Burr.* 2612.) It is only in cases of *joint* contracts that the survivor must be sued. (1 *Chitty's Pl.* 37.) But when the contract is *several* or *joint and several*, the executor of the deceased party may be sued at law in a separate action ; (2 *Burr.* 1190 ;) but he cannot be sued jointly with the survivor, because one is charged *de bonis testatoris*, and the other *de bonis propriis*. 3. Had the intestate been sued whilst living, he would not have been permitted, under the plea of the general issue, to have shewn that there was another who ought to have been made a party, nor can his representatives under a similar plea be allowed to do so.

*Ruggles & Hasbrouck*, for defendants. The witness, Alliger, was competent to prove the partnership. His testimo-

ny was against his own interest. The defendants could not, like their intestate, plead the non-joinder in abatement, because as administrators they could not be joined with the survivor. The survivorship in such case may be pleaded in bar, or given in evidence under the general issue. (1 *Chitty's Pl.* 37.)

*By the Court*, WOODWORTH, J. This is an action of assumpsit for work, labor and services, and materials found.

The plaintiff proved that he was employed by the intestate to do some work in finishing one of the locks on the Delaware and Hudson canal, and to furnish cut stone, &c. ; that he performed the work and delivered the stone agreeably to his contract.

The defendants offered E. Alliger as a witness. He was objected to on the ground of interest, and sworn on his *voire dire.* He stated that he was a partner with B. Alliger in the building of the lock, was interested with him in the contract for building the same, and continued interested and a partner until his death, and that he was so interested when the work was done and the materials furnished.

The plaintiff insisted that he was interested ; but the judge admitted him as a witness. He then testified to the preceding facts. The question whether the witness was interested will depend on this : if, on the death of one partner, a creditor can maintain an action at law against the representatives of the deceased, then it follows thas the survivor is bound to contribute, and consequently he is interested to defeat the recovery : but if the creditor's right of action is against the survivor, and the representatives of the deceased are not liable in an action at law, then the surviving partner is a competent witness ; because, by proving a fact which defeats the plaintiff's action, he still remains liable, and cannot be benefitted by such failure to recover.

In the case of a *joint* contract, if one of the parties die, his executor is at law discharged from liability, and the survivor alone can be sued ; and if the executor be sued, he may plead the survivorship, or give it in evidence under the general issue : but if the contract be several or joint and several, the executor of the deceased may be sued at law in a sepa-

rate action. (1 *Chitty*, 37. 2 *Burr*. 1190.) This doctrine, which allows an action against the executor, is applicable to cases where the contract, by the express assent of the parties, is made joint and several. It does not authorize a creditor to sue the executor or administrator of a deceased partner. I am not aware that any such action has ever been sustained at law. The observations of Lord Mansfield, in *Rice* v. *Shute*, (5 *Burr*. 2612,) do not support a contrary doctrine. He says, " All contracts with partners are joint and several ; every partner is liable to pay the whole." The latter clause explains the meaning of that learned judge : not that you can at law proceed against the executor or administrator of the deceased partner, in the same manner that may be done on a contract made, which is declared to be joint and several, but that each partner is holden to pay the whole debt, and not a portion merely. The remarks of his lordship had reference to the extent of liability of each partner ; not to the form of proceeding to be pursued by the creditor. The same remarks would be equally pertinent when applied to a joint demand against two debtors. Each debtor is liable to pay the whole, and in that sense the contract may be said to be joint and several ; but it will not be contended that therefore the executor of the deceased debtor is liable in a court of law.

The rights of a surviving partner, and those appertaining to the representatives of a deceased partner, abundantly show, that from the nature of that contract, the doctrine contended for is not tenable. The right of action survives to the surviving partner, he succeeds to the exclusive control of the property, and alone brings actions for the recovery of the debts, and is liable to the creditors at law. It would seem a strange doctrine that the creditor might, in the first instance, resort to the executor, who never came to the possession of the partnership funds. So complete is the right of the surviving partner, that a creditor of the firm may, after the death of one, maintain an action against the survivor without taking notice of the partnership or the death of one, and the survivorship of the other. It would seem to follow, that if the executor was liable to an action, it would be law-

ful for him to receive debts and settle partnership accounts; but he has no such authority. A payment to an executor is no satisfaction to a surviving partner. (1 *Dallas*, 250.) It will scarcely be pretended that the creditor can sue the survivor, and at the same time sustain an action against the executor; and yet this would be the consequence, for they cannot be joined in the same action. In the case, therefore, of a known partnership, the remedy is against the survivor, who can have no interest in the attempt to recover a partnership debt in a suit not instituted against the proper parties. On this ground I think the decision of the judge correct.

After this decision, the defendants produced other witnesses to fortify the testimony of the witness objected to, as to the fact of partnership, and the plaintiff further evidence to impugn that fact. After the testimony closed, the case states that the plaintiff, under the point reserved in admitting E. Alliger as a witness, suffered a nonsuit with liberty to move to set it aside.

The only point presented is, as to the admission of the witness. The judge was not called on to decide any other question, nor the jury to pass on any fact. Being of opinion that the witness was properly admitted, the motion to set aside the nonsuit must be denied. It will be observed, that although the witness was competent, there was an important fact to be decided by the jury, viz. whether the partnership existed. The evidence of E. Alliger was express, but there was circumstantial evidence opposed to it; on all which the jury had a right to pass, if the plaintiff requested it. They might have found that there was no partnership; and had such a verdict been sustainable, it would have removed the difficulty that now lies in the plaintiff's way. It is however probable, that inasmuch as in the question as to the admissibility of the witness, is involved the material point whether an action can be maintained against the administrator of a partner, it was not deemed expedient to contest the fact of partnership against such explicit evidence as was adduced.

*Motion to set aside nonsuit denied.*