### VOORHIS and another *v.* CHILDS' Executor.

The personal representative of a deceased partner cannot be joined, as a party defendant, with the surviving partner, to an action for a partnership debt, where the complaint does not show the plaintiff's inability to procure satisfaction from the survivor.

The inability to procure satisfaction by an action against the surviving partner is essential to a cause of action, either at law or in equity, against the representative of the deceased partner, as well under the Code of Procedure as before.

Whether, to a complaint alleging such inability, the Code authorises the joinder of the executor of a deceased partner with the survivor, as a proper party, because of his interest in contesting the allegation, and for the purpose of adjusting the equities between the partnership estate and that of its members in one judgment, *Quere.*

APPEAL from the Supreme Court. The plaintiffs brought their action against the surviving members of the firm of Baxter, Brady, Lent & Co., and against the respondent as surviving executor of Heman W. Childs, a deceased member of said firm. The complaint alleged the making of a promissory note by the partnership in the lifetime of Heman W. Childs; its maturing and non-payment; the subsequent death of Childs; the granting of letters testamentary to the

respondent as his executor, &c. It did not aver any previous suit against the surviving partners, or their insolvency. The respondent, Childs' executor, demurred on the ground that the complaint did not state a cause of action against him. He had judgment for the dismissal of the complaint as against him, which having on appeal been affirmed by the Supreme Court at general term in the seventh district, the plaintiffs appealed to this court.

*Richard W. Harrington,* for the appellants.

*Charles F. Sandford,* for the respondent.

SELDEN, J. Prior to the enactment of the Code of Procedure there was a conflict of opinion between the courts of this state and those of England, as to the remedy allowed to the creditors of a partnership against the representatives of a deceased partner. It was conceded by both that only the surviving partners could be sued at law, but it was held by the English courts that the representatives of the deceased partner might be immediately proceeded against in equity and compelled to pay the entire debts of the firm, without any previous resort to the surviving members or any evidence that such debts could not be collected from them; while on the other hand our courts held, either that the remedy against the survivors must first be exhausted or it must appear that they were insolvent and unable to pay.

Prior to the case of *Devaynes* v. *Noble* (1 *Mer.*, 397) the decisions of the Court of Chancery in England appear to have been, for a considerable time at least, in accordance with those in this state. The precise ground of the change seems to have been this: In the earlier cases it had been assumed that the liability in equity of the estate of the deceased partner was produced by a sort of equitable transfer to the creditor of the right of the surviving partners to insist that the estate of their deceased associate should contribute to the payment of the debts of the firm; but upon

its being afterwards held that the obligations of partners were to be regarded as joint and several, the English courts said that in all cases of that kind creditors had a right to pursue their remedies against all or either of their debtors. They therefore held that they might proceed immediately in equity against the representatives of a deceased partner, without resorting to their legal remedies against the survivors. The courts in this state, however, refused, for what appear to be substantial reasons, to adopt the change. Its effect was, to apply to a proceeding in equity the strict legal rules applicable to suits at law. It obviously overlooked many equitable considerations of great force. The surviving partners succeed primarily to all the rights and interests of the partnership. They have the entire control of the partnership property, and the sole right to collect the partnership dues. The assets of the firm are of course to be regarded as the primary fund for the payment of the partnership debts, and it would seem equitable at least that the parties having the exclusive possession of this fund should be first called upon. The answer given to this by the English courts, that the representatives of the deceased partner have their remedy over, seems hardly satisfactory. The presumption is, that the primary fund is sufficient to meet the demands upon it. Why then, permit in equity a resort to another fund, and thus give rise to a second action for its reimbursement. Besides, these English decisions permitting the creditor to proceed in the first instance in equity against the estate of the deceased partner, are in conflict with the established doctrine that parties must first exhaust their legal remedies before resorting to courts of equity.

But whether these considerations are sufficient to justify the positions assumed by our courts or not, it may be regarded as having been settled in this state, prior to the Code, that the creditor in such a case, could not come into a court of equity without showing, either that the surviving partners had been proceeded against to execution at law,

or that they were insolvent.  (*Grant* v. *Shurter*, 1 *Wend.*, 148;
*Hamersly* v. *Lambert*, 2 *John. Ch.*, 608; *Leake and Watts
Orphan House* v. *Lawrence*, 11 *Paige*, 80 ; 2 *Denio*, 577, *S. C.*)
In the last of these cases, the English cases referred to were
cited and distinctly overruled.  There are many American
cases, both in the State and United States' courts support-
ing and confirming the doctrine of the courts of this state
upon this subject.  (*Pendleton* v. *Phelps*, 4 *Day*, 481 ; *Reims-
dyk* v. *Kane*, 1 *Gallis.* 385 ; *Sturges* v. *Beach*, 1 *Conn.*,
509 ; *Alsop* v. *Mather*, 8 *Conn.*, 584; *Caldwell* v. *Stileman*,
1 *Rawle*, 212 ; *Hubbell* v. *Perrin*, 3 *Ham. Ohio*, 287.)

The complaint in this case is in the form of an ordinary
action at law upon a promissory note against all the surviv-
ing partners, together with the executors of the deceased
partner; and contains no averment that any proceedings
have ever been had against any or either of the surviving
partners, or that they are without the means of payment.
From what has been already said, it is plain that formerly
no such action could have been maintained.  The question
presented is, how far the Code has changed the law in this
respect.  It cannot be claimed that it has altered the princi-
ples which govern the responsibility of the representatives
of a deceased partner for the partnership debts, or the order of
liability as between them and the surviving partners.  It con
tains not a word indicative of such an intent.  The latter,
therefore, are still primarily liable for the debts; and the
estate of the deceased partner can only be resorted to in
case of the inability of the survivors to meet them.  Hence
it is plain that this action cannot be sustained as a suit in
equity, founded upon the ultimate liability of the representa-
tives of Childs; because it has been shown, that in such an
action it is indispensable to aver, either that the survivors
have been prosecuted to execution at law, or that they are
without the means of payment.

What I understand the plaintiffs' counsel to claim is, that
considering the suit as founded upon the legal liability of the

surviving partners, the plaintiffs were warranted in making the executors parties, by section 118 of the Code, which provides, that "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff; or who is a necessary party to a complete determination or settlement of the questions involved therein." This section is in its terms, a mere statutory enactment of the rule as to parties which has always prevailed in courts of equity; but as it is not expressly limited to cases of that character, it has been contended, not only in this case but in others, that it is applicable to all legal as well as equitable actions.

The difference in the rule as to parties between courts of law and of equity was not accidental, but had an obvious foundation in reason. Where all persons having an interest in a controversy are made parties, cases are frequently rendered exceedingly complex. Judges can command the time and patience, and may be safely endowed with the discretion required to disentangle their intricacies and dispose of their varied equities. But it is extremely inconvenient, if not impossible, to try such cases by a jury. They are qualified to deal with simple issues only; and the rules of the common law as to parties, as well as those which prevailed in the formation of issues, were adapted to the nature of the tribunal before which the cases were to be tried. The attempt to apply the equitable rule as to parties, to all legal actions, would lead to infinite embarassment in the trial of jury cases. If, however, the legislature had power to prescribe such a change, and has done so, the courts have no discretion in the matter, but are bound to execute the legislative will.

It is supposed by some that it was intended to abolish by the Code all distinction, not only in form but substance, between legal and equitable actions; and it must be conceded that many of its provisions taken by themselves might seem to indicate such an intent; and yet nothing can be

Voorhis *v.* Childs' Executor.

clearer than that the legislature has wholly failed to carry into effect such an intention if it existed. On the contrary, the Code expressly retains the principal differences which distinguished the two classes of actions. Actions at law were to be tried by a jury; suits in equity by the court. This distinction remains undisturbed. In legal actions, with few exceptions, compensation in damages was the only mode of redress; while in such as were equitable the relief was adapted to the exigencies of the case. The Code makes no change in this respect. In one of these classes of action costs were recoverable by the successful party as a matter of course; in the other, they rested in the discretion of the court. This remains as before.

Now it is plain, that if we would make of the Code a consistent system, one that can be practically administered, we must construe it, not in view of the general proposition, obviously untrue, that the distinctions between actions at law and suits in equity are abolished, but in the light afforded by a comparison of its various provisions. Take, then, the case in hand. Is it reasonable, in view of the important distinctions thus made by the Code itself between legal and equitable actions, to hold that it was intended that section 118 should apply to both these classes? Let us look at some of the difficulties to which this would lead. The mode of trial depends upon the nature of the action. Those which merely seek to recover a sum of money are to be tried by a jury. The legislature was forced to adopt this provision by the constitution, which preserves trial by jury in all cases where it had theretofore existed.

If, however, the action involves anything whatever besides the recovery of money, unless it be for the recovery of specific real or personal property, or to obtain a divorce, if it seek the least modification of the judgment in respect to any of the parties, it then becomes triable by the court. The language of the Code is, that "an issue of fact in an action for the recovery of money *only* * * * must be tried by

a jury." It is easy to see, therefore, that if section 118 is to receive the construction contended for, most actions for the recovery of money, as well as actions for the recovery of specific real or personal property by bringing in parties having some equitable interest, real or supposed, in the controversy, may readily be converted into actions to be tried by the court instead of a jury. Has the legislature power thus to subvert, or enable parties to evade, an important constitutional provision ? If there is any one clause of the constitution which the courts are under greater obligation to protect from all encroachment than others, it is that which preserves trial by jury ; and it is clearly impossible for them, in view of their duty in this respect, so to construe the provisions of the Code as to render all actions, legal as well as equitable, triable by the court at the option of the plaintiff.

But there are other embarrassments in the way of the construction of section 118, for which the plaintiff contends, growing out of the provisions of the Code in respect to costs. It will be found difficult if not impossible to reconcile that construction with those sections which give costs *of course* to the successful party in all actions for the recovery of money or of specific real or personal property. In actions of ejectment especially, where so many collateral and subordinate equities frequently exist, the task of harmonizing the equity rule as to parties with the common law rules as to costs, and as to the mode of trial, would be attended with serious embarrassment.

Taking the Code then as a whole, and comparing its various provisions with each other, it seems evident that the legislature never intended section 118, to receive a construction which would authorize a suit like the present. Although all the difficulties which have been suggested, might not arise in this case, yet the section in question can only receive one of two interpretations. It must either be confined strictly to actions of an equitable nature, to which alone it

Voorhis *v.* Childs' Executor.

seems appropriate, or it must extend to actions of every kind, whether legal or equitable; and I have no hesitation in holding, for the reasons suggested, that it should be regarded as a mere statutory adoption of the equitable rule on the subject of parties, and was intended to have substantially the same application. The language of the section itself points to this interpretation. It authorizes the bringing of all those who are *necessary* parties " to a complete determination or settlement of the questions involved." This language is inappropriate to actions for the recovery of money only, or of specific real or personal property; but embraces the very gist of the rule which has always prevailed in equitable actions.

It is worthy of remark that the construction here contended for, is that which has been of necessity to a very great extent practically put upon the various provisions of the Code. Cases are found so naturally to arrange themselves according to the classification which existed prior to the Code, that the distinction between legal and equitable actions, is nearly as marked upon all the papers presented to the courts as formerly. The same names are not used, but the nature of the cases has not changed, nor have the distinctions been abrogated. Very few attempts have been made to carry into practical effect the idea of blending legal and equitable causes of action in one common proceeding. Were it necessary to the decision of this case, I should be prepared to hold, that that clause of the constitution which provides, that " There shall be a Supreme Court having general jurisdiction in *law and equity*," presents an insuperable barrier to any legislative merger of the two jurisdictions. While the legislature may, as it has done, abolish the distinctions which existed in mere matters of form, yet it is easy to show that to blend the two in respect to matters of substance and principle, would be virtually *to subvert* the jurisdiction of the court in regard to the one or the other; which the legislature clearly has not the power to do. But

I will not pursue this topic farther, as the conclusion to which I have arrived seems to me fully warranted by the previous reasoning.

As therefore the present action must be regarded as one of a purely legal nature, brought against the surviving partners, upon their legal liability, it follows, that the executors of the deceased partner, who is liable only in equity, were improperly made parties. Had the defendants united in a demurrer upon the ground that several causes of action were improperly joined, they might all perhaps have been entitled to judgment. But the demurrer is actually put in by the executors alone, and rests upon the narrower ground that the complaint does not state facts enough to constitute a cause of action against *them.*

If we are right in our reasoning, the complaint is clearly defective in this respect, and the judgment of the Supreme Court should therefore be affirmed.

PRATT and STRONG, Js., concurred in this opinion, and DENIO, J. in the construction therein put on § 118 of the Code. All the other judges concurred in the result, upon the ground that the complaint made no cause of action against the respondent, reserving the question whether the insolvency of the surviving partners, or of the partnership estate, would justify a joint action against the survivors and the representatives of the deceased partner.

Judgment affirmed.