Gustavus Richter, Appellant, v. Conrad Poppenhausen and A. Ivan Von Auw, Executors of Herman A. Schleicher, deceased, Respondent.

The executor of a deceased partner cannot be joined with the surviving partner in an action at law to collect a partnership indebtedness.

The creditor must exhaust his remedy against the surviving partner, in the first instance, and may then have an action in equity, against the representatives of the deceased partner.

A request by the executor that goods be delivered for use in the business of the partnership with a promise to pay therefor as soon as the estate is settled, does not change the rule, or make him a joint debtor with the surviving partner, within sections 136 and 375 of the Code of Procedure.

The amended judiciary article (article 6 of the Constitution) took effect January 1st, 1870.

(Argued March 25th, 1870; decided June 22d, 1870.)

Appeal from a judgment entered upon the decision of the General Term of the Supreme Court, in the second judicial district, affirming the judgment of the Special Term dismissing the complaint of the plaintiff.

On the 6th day of October, 1865, John G. Perzel and Herman A. Schleicher formed a limited partnership, Perzel being the general partner, and Schleicher the special partner. A certificate of such partnership was filed in the clerk's office of the county of New York, on the said 6th day of October, 1865, and notice of such partnership was published

in the World and Atlas. The parties commenced business in the city of New York, but in the month of November, 1865, removed to Brooklyn, where the business was subsequently conducted. No certificate was filed in the clerk's office of Kings county. Schleicher died July 17, 1866, leaving a will by which he appointed the defendants and two other persons executors, but the defendants only qualified as such executors, and assumed the trust. The will was proved on the 11th September, 1866. On the 28th November, 1866, the plaintiff commenced an action in the Supreme Court against Perzel, and the defendants as executors of Schleicher, to recover for coal alleged to have been delivered in part to Perzel and Schleicher, and the residue to Perzel and the defendants, as such executors, after the death of Schleicher. The summons and complaint were served upon Perzel only, who appeared, and judgment was rendered against him. The plaintiff, failing to collect such judgment of Perzel, instituted the present proceeding under section 375 of the Code, requiring the defendants to show cause why they should not be bound by the judgment. The defendants interposed an answer denying each and every allegation of the complaint. Upon the trial the court dismissed the proceeding, and the plaintiff's counsel excepted. The judgment was affirmed by the General Term of the second district, and the plaintiff appeals to this court.

*George H. Forster*, for the appellant, insisted, among other things, that the General Term had no jurisdiction by reason of article 6 of the Constitution, the same justice who held the Special Term having been a member of the General Term in December, 1869.

That the interview between plaintiff and Van Auw and delivery of coal thereafter was sufficient to enable plaintiff to recover of these defendants.

No certificate of the special partnership having been filed in Kings county, the partnership was general. (*Ex parte Garland*, 10 Ves. Jr., 119; Colly. on Partp., §§ 601–603;

*Thompson* v. *Brown*, 4 John. Ch. R., 619, 627; *Wightman* v. *Townroe*, 1 M. & S., 412.)

There was a mistrial. (*Hoagland* v. *Miller*, 16 Abb., 103.)

*Ira D. Warren*, for the respondents, insisted that respondents were not jointly indebted with Perzel, and could not legally be joined in an action at law. (*Voorhis* v. *Childs, Exrs.*, 17 N. Y., 354; *Higgins* v. *Freeman*, 2 Duer, 650; *Grant* v. *Shuster*, 1 Wend., 150; *Lane* v. *Doty*, 4 Barb., 534; 1 Chitt. Pl., 50.) Plaintiff must exhaust his remedy against the surviving partner. (*Trustees, &c.*, v. *Lawrence Exrs.*, 2 Den., 577, and cases *supra*.) Proceedings of this nature cannot be sustained against personal representatives of a deceased joint debtor. (*Kellogg* v. *Olmstead*, 6 How., 487; *Foster* v. *Wood*, 1 Abb. N. S., 150; *Mill* v. *Taursby*, 2 Abb., 432.) One executor cannot bind the other or the estate to a continuance of the copartnership. (*Forsyth* v. *Ganson*, 5 Wend., 561; *McIntyre* v. *Morris*, 14 Wend., 97; *Cayuga County Bank* v. *Bennett*, 5 Hill, 237; *Thompson* v. *Peters*, 12 Wheat., 565; *Pick* v. *Botsford*, 7 Conn., 172.)

INGALLS, J. The plaintiff failed to establish a state of facts which entitled him to the remedy which he sought under the 375th section of the Code. That section provides as follows: "When a judgment shall be recovered against one or more of several persons *jointly indebted* upon a contract, by proceeding as provided in section 136, those who were not originally summoned to answer the complaint may be summoned to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned." The 136th section provides that in case the action is against defendants *jointly indebted* upon contract, the plaintiff may proceed against the defendant served, and judgment may be entered against all the defendants thus jointly indebted, and may be enforced against the joint property of the defendants and against the separate property of the defendant served with process. It is very clear

that the executors were not jointly indebted with Perzel for the coal in question, within the meaning of said section 375. The surviving partner, Perzel, had the control of the business and the legal right to settle the partnership debts. The executors of a deceased partner cannot be joined with the surviving partner in an action at law to collect a debt against the partnership. (*Voorhees* v. *Childs, Ex.*, 17 N. Y., 354; *Higgins* v. *Rockwell*, 2 Duer, 650; *Lane* v. *Doty*, 4 Barb., 534.) In the last case Judge Paige remarks : "In case of a joint contract, if one of the parties dies, his executor or administrator is at law discharged from liability, and the survivor alone can be sued." (*Tracy* v. *Suydam*, 30 Barb., 11.). In case of the death of one of the partners, the creditor must exhaust his remedy against the survivor, in the first instance, and having failed to collect his debt, may resort to an equity action against the representatives of the deceased partner. The evidence falls far short of establishing an engagement on the part of the executors to continue the business, and to become liable as partners with Perzel. The plaintiff testified that he called upon Mr. Poppenhausen in regard to his contract for the delivery of the coal, and he referred him to his co-executor, Von Auw, with whom the plaintiff had a conversation in regard to the coal; a portion of the interview is given by the plaintiff, as follows: "Mr. Von Auw told me the business is going on just the same; we are going on with the business there just the same as before Mr. Schleicher's death, only he wanted me to go on and deliver coal, only to be very careful that I delivered only what was wanted. And so I told him I would deliver it. And so, after this— Question. What did he say when you told him you would deliver it? did he tell you you should be paid? Answer. Yes; and he told me he would not pay anything right away, *before the estate was settled.* Question. There was then an amount due? Answer. Yes; $388. Question. And you asked him to pay it? Yes. Question. And he said he could not pay it until the estate was settled? Yes." At the time of this conversation there was due for coal deliv-

ered $388.  It is apparent from the conversation, as detailed by the plaintiff, that the executors had not the slightest idea of becoming partners in the business.  The plaintiff was told expressly that no payment would be made, except out of the estate, and that, too, only in the due course of administration.  The purport of the conversation was, in short, that the business would proceed under the direction of Perzel for a time as it had done, and the plaintiff's claim for coal already delivered, and that which should be furnished to meet the necessity of the business, would be paid, so far as the executors were concerned, in the due course of administration of the estate.  The plaintiff was not justified in concluding from the conversation that the executors undertook to become joint debtors with Perzel for the coal delivered and to be delivered.  No liability was assumed by the executors beyond an engagement to pay such an amount as became properly chargeable to the estate of Schleicher, and such amount to be paid as a claim in the settlement of the estate.  This view of the case renders it unnecessary to consider the various exceptions which were taken to the admission and rejection of evidence, because they become immaterial, as the result could not be changed.  The appellant's counsel insists that the General Term had not jurisdiction to hear this cause, because Justice GILBERT, who tried the cause at the circuit, participated in the decision at General Term, on the 30th day of December, 1869.  This court, at the present June term, decided, in the cause of *Real* v. *The People*, that the judiciary article took effect, in this particular, on the 1st day of January, 1870.

The judgment must be affirmed with costs.

All concur.  Judgment affirmed.