## CHARLES C. POPE and others *vs.* ANN J. COLE, executrix, &c.

A complaint alleged that C., the defendant's testator, deceased, and D. were formerly partners in business, and as such became indebted to the plaintiffs, in the sum of $502.26, for goods sold, &c.; that the plaintiffs had sued D., the surviving partner, for such debt, and duly recovered a judgment for $534.50; and that an execution in due form of law had been issued thereon, to the proper sheriff, and returned unsatisfied. *Held* that the complaint stated a clear cause of action, in equity, against the defendant as executrix of C.

*Held, also,* that the averment was, in form and effect, that the plaintiffs had exhausted their remedy at law, as against the surviving partner; and that this was sufficient to entitle them to recover their debt from the estate of the deceased partner.

That the plaintiffs had made conclusive proof of the insolvency of D. the surviving partner; the return of an execution unsatisfied, in such cases, being conclusive evidence of insolvency.

APPEAL, by the defendant, from a judgment entered upon the decision of the court, on a trial at a Special Term.

The action was brought against the defendant, as executrix of Lewis K. Cole, deceased, to recover a debt due to the plaintiffs from the firm of Draper & Cole, of which firm Lewis K. Cole was, at the time of his death, a partner.

*I. D. Garfield,* for the appellant.

*R. Rayner,* for the respondent.

*By the Court,* E. DARWIN SMITH, J.   This case was correctly disposed of at the Special Term.   The complaint, which was read on the trial, states that the defendant's testator, L. K. Cole, deceased, and one Geo. Draper, were formerly partners in business, and as such became indebted to the plaintiffs in the sum of $502.26, for goods sold, &c.; that Cole afterward died; that the plaintiffs had sued Draper, the surviving partner, for such debt, and duly recovered a judgment for $534.50,

Pope *v.* Cole.

damages and costs ; and that an execution in due form of law had been issued on such judgment, to the proper sheriff, which had been duly returned unsatisfied. The defendant's counsel objected at the trial that no cause of action was stated in the complaint, and moved that it be dismissed for that reason ; which motion was denied by the circuit judge, and the defendant's counsel duly excepted. This exception presents the only real point of controversy in the action. This exception and this point are clearly not well taken. The complaint states a clear cause of action, in equity, against the executrix of the deceased partner in the firm of Draper & Cole. It shows that the plaintiffs had exhausted their remedy at law as against the surviving partner. This is all that is required, in any of the cases. Indeed most of the cases state the rule less strictly, and hold that it is sufficient to aver and prove that the surviving partner is insolvent. In *Voorhis* v. *Childs' Executor*, (17 *N. Y.* 357,) Judge Selden states the rule to be that in such action it is indispensable to aver either that the survivors have been prosecuted to execution at law, or that they are without the means of payment. The averment in the complaint in this action, is in form and effect, that the plaintiffs had exhausted their remedy at law. The recovery of judgment, with the issuing and return of an execution issued thereon unsatisfied, did and does exhaust the legal remedies of the plaintiffs on the judgment for the collection of their debt against the judgment debtor. Nothing remains to be performed with the ordinary machinery of the courts. Proceedings supplementary to execution as authorized by the Code are not strictly legal, but equitable, proceedings. They are a substitute for the creditor's bill of the courts of. equity, which may still be used to reach the equitable property of the judgment debtor. The plaintiffs had strictly exhausted their legal remedy for the collection of their debt against the surviving partner, and this was

sufficient to entitle them to recover the same from the estate of the deceased partner. They had made conclusive proof of the insolvency of the surviving partner; for the return of an execution unsatisfied in such cases is conclusive evidence of insolvency. The defendant was allowed to show fraud and collusion between the sheriff and the plaintiffs, in which he entirely failed. The plaintiffs' right of recovery is fully sustained in principle by the cases of *Voorhis* v. *Childs' Ex'r*, (*supra;*) *Tracy* v. *Suydam*, (30 *Barb.* 115;) *Orphan House* v. *Lawrence*, (11 *Paige*, 80;) 2 *Denio*, 577; *Richter* v. *Poppenhausen*, (42 *N. Y.* 376.)

The judgment should be affirmed with costs.(*a*)

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]

(*a*) Affirmed by Court of Appeals. (*See* 55 *N. Y.* 124.)