BENTZ v. THURBER *et al.*, executors, etc.

*Promissory notes — joint note — action at law does not lie against representatives of deceased joint maker.*

A promissory note was made by four persons jointly. One of the makers died. The holder of the note, after it became due, brought action thereon against the representatives of the deceased maker. The surviving makers were not made parties and the complaint did not allege that they were insolvent, that plaintiff had exhausted his remedy at law against them or that he had taken any steps to collect of them. *Held*, that the action, being one at law, could not be maintained in that form against the personal representatives of the deceased maker, even though the survivors were insolvent at the time of its commencement.

ACTION upon a promissory note ; verdict in favor of plaintiff ordered by the court, and exceptions ordered to be heard at the general term, in the first instance. The note was as follows :

" $5,000. NEW YORK, *April* 19, 1865.

" Four months after date we promise to pay to the order of Adam Bentz, five thousand dollars at the Shoe and Leather Bank, value received. " T. G. LITTLE,

" G. E. MENDUM,

" SAMUEL J. SHARP,

" F. SCHUMACHER."

The action is against the executors of Mendum, a deceased maker, the complaint simply stating the note, its delivery and non-payment; that Mendum died October 1st, 1865, leaving a will in which defendants were named executors ; that said will was admitted to probate and letters issued to defendants October 18th, 1865; and then demands judgment against defendants for the note and interest from August 22d, 1865, the date of its maturity.

The court directed a verdict for the plaintiff for the whole amount claimed, with interest, $7,581.24, and ordered the exceptions to be heard in the first instance at the general term, judgment in the mean time be suspended. To this direction defendants excepted.

The other material facts appear sufficiently in the opinion.

*Bowdoin, Larocque & Barlow*, for plaintiff.

*Gilbert & Smedley*, for defendants.

BRADY, J. This is an action at law brought against the executors of one of several joint makers of a promissory note, without adding the surviving makers, and without alleging that they were insolvent, or that the plaintiff had exhausted his remedies against them, or had taken any steps, or made any efforts, to collect his demand from such survivors or either of them.

Upon the trial the defendants moved to dismiss the complaint upon the ground that the complaint did not contain facts sufficient to constitute a cause of action, but the motion was overruled and the defendants excepted.

The defendants then moved for the affirmative of the issue, and the motion was granted, the court thus again deciding that the plaintiff had nothing to prove, to maintain his action against the personal representatives of the deceased joint maker. Whatever may be the rule upon a proper state of facts authorizing the application of equitable principles, there can be no doubt that at law, an action of this kind cannot be maintained. *Voorhis* v. *Childs, Ex'r,* 17 N. Y. 354; *Richter* v. *Poppenhausen,* 42 id. 373; *Getty* v. *Binsse,* 49 id. 385. In the first case cited, the action was brought against the survivors of a firm and the executor of a deceased member, without allegations either of action against surviving partners or of their insolvency. The court reserved the question whether the insolvency of the survivors or of the estate, would justify a joint action against the survivors and the representatives of the deceased partner. In the second case it was held that the executor of a deceased partner, could not be joined in an action at law to collect a partnership indebtedness, and it was declared that the creditor must exhaust his remedy against the survivors in the first instance, and having failed to collect his debt, may then resort to equity in a proceeding against the personal representatives of the deceased partner.

In *Getty* v. *Binsse,* the last case cited, it was held that in case of a joint obligation if one of the obligors die his representatives are at law discharged, and the survivor alone can be sued. The judgment was unanimous.

It is very clear, on the authority of these cases, that an action at law such as this cannot be maintained against the personal representatives of the deceased joint obligor.

If the plaintiff have any remedy against them, it is in equity, and he cannot change the character of the action from one at law to

one in equity upon appeal. *Voorhis* v. *Childs, Ex'r, supra.* It is no response to this view that the answer alleges that the other makers of the notes were wholly insolvent and without credit at the time the notes were made.

The question is not whether they were then insolvent, but whether they were so at the commencement of this action.

It may be that the purchase made by these notes placed them in funds or removed their insolvency. If it were otherwise, however, it would make no difference.

The action, in its present form, cannot be maintained even if they were insolvent at the time the action was commenced.

The relief, if any, against the personal representatives is in equity, and that form of procedure requires different allegations, proof and forum. *Voorhis* v. *Childs, Ex'r, supra.* The verdict should, for these reasons, be set aside.

INGRAHAM, P. J., and BARRETT, J., concurred.

*New trial ordered.*