MINNIE HAUCK, Respondent *v.* SAMUEL CRAIGHEAD et al., Executors, etc., Impleaded, etc., Appellants.

Plaintiff's complaint charged P. (originally a defendant), and defendant H. as joint contractors upon a contract executed by plaintiff and H. and signed by P. on the margin. The name of the latter did not appear in the contract. P. died after the commencement of the action and his executors

were substituted as defendants in his stead. *Held*, that the complaint was properly dismissed as to the executors of P.; that the action would necessarily have failed had P. lived, unless a joint obligation was established; that unless an action could have been brought against the surviving debtor and the personal representatives of the deceased, the latter were improperly substituted and joined as defendants with H., the survivor; that such an action could not have been maintained without an averment in the complaint of plaintiff's inability to procure satisfaction from the survivor; also that if P. was a mere surety for H., then by his death his estate was absolutely discharged from all liability. *Hauck* v. *Craighead* (8 Hun, 237) reversed.

(Argued November 23, 1876; decided December 5, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department reversing a judgment in favor of defendants, Samuel Craighead and others, executors of Samuel N. Pike, entered upon an order dismissing the complaint as to them. (Reported below, 8 Hun, 237.)

The action was originally brought against said Samuel N. Pike and defendant Lafayette Harrison, in form against the latter upon a contract between him and plaintiff, and against the former as guarantor. Pike died after the commencement of the action, and his executors were substituted as defendants in his stead. The complaint was amended upon the trial so as to charge the original defendants as joint contractors.

The agreement upon which the action was founded is as follows:

" Memorandum of an agreement made this day, February 18, 1868, between Lafayette Harrison and Miss Minnie Hauck, as follows:

" Miss Minnie Hauck engages herself as prima donna assoluta, for operas and concerts, for the term of two months, from the 24th of February, 1868.

" Miss Minnie Hauck obliges herself to conform to all the rules and regulations of the theater.

" Mr. Harrison obliges himself to pay Miss Minnie Hauck the sum of fourteen hundred dollars per month.

" L. F. HARRISON.

"It is also understood and agreed that Miss Hauck shall sing at least three (3) times in each week, all extra performances to be paid at the rate of one hundred dollars ($100) per performance.

"It is also agreed that the salary shall be paid in each and every week."

*A. C. Fransoli* for the appellants. Plaintiff failed to prove a contract of guaranty by the defendant's testator within the statute of frauds. (2 R. S., 135, § 2; *Abeel* v. *Radcliff*, 13 J. R., 297, 300; Revisers' Notes, 5 Stat. at Large, 394, § 8; *Davis* v. *Shields*, 26 Wend., 341, 350–361; *James* v. *Patten*, 6 N. Y., 1; *Coles* v. *Bowne*, 10 Paige, 526, 536; *Champlin* v. *Parish*, 11 id., 405, 410; *Vielie* v. *Osgood*, 8 Barb., 130, 132; *Davis* v. *Shields*, 26 Wend., 341, 356; *Dodge* v. *Lean*, 13 J. R., 508; *Bailey* v. *Ogdens*, 3 id., 399, 419; *Weed* v. *Clark*, 4 Sandf., 31; *Parkhurst* v. *Van Cortlandt*, 14 J. R., 15, 32; *Wright* v. *Weeks*, 25 N. Y., 153; 3 Bos., 372; *Parks* v. *Brinkerhoff*, 2 Hill, 663; *Clark* v. *Rawson*, 2 Den., 135; *Richards* v. *Warring*, 1 Keyes, 516; *Moore* v. *Cross*, 19 N. Y., 227; *Hill* v. *Lewis*, 1 Salk., 132; Story on Bills, §§ 108, 199, 202; Story on Promissory Notes, § 135; Byles on Bills [5th Am. ed.], * 142.) There was a misjoinder of causes of action in the complaint. (Code, § 120; *Brewster* v. *Silence*, 8 N. Y., 207; *Allen* v. *Fosgate*, 11 How. Pr., 218; *De Ridder* v. *Schermerhorn*, 10 Barb., 638; *Carman* v. *Plass*, 23 N. Y., 286.) The amendment allowed at the trial did not substantially change the statement of the cause of action as against defendants. (*Hauck* v. *Craighead*, 4 Hun, 561.) If the amendment changed the cause of action, it must be wholly disregarded, because the Circuit Court had no power to make it. (*Ford* v. *Ford*, 53 Barb., 525; *Moore* v. *McKibben*, 33 id., 246; *Union Bk.* v. *Mott*, 18 How., 506; *Sattus* v. *Genin*, 3 Bosw., 250, 263; *Hauck* v. *Craighead*, 4 Hun, 561, 562; *Sinclair* v *Neill*, 1 id., 80; *Walter* v. *Bennett*, 16 N. Y., 250, 254; *Wright* v. *Delafield*, 25 id., 266, 270; *Everest* v. *Vandryes*, 19 id., 436, 439; Const., art. 6, § 7;

Code, § 9, sub. 34; id., §§ 17, 20, 21; *Mann* v. *Tyler*, 6 How., 235; *Onon. Co. Mut. Ins. Co.* v. *Minard*, 2 N. Y., 98; *Martin* v. *Hicks*, 6 Hun, 74; *Miller* v. *Porter*, 17 How., 526; Code, §§ 349, 350; *Brookman* v. *Hamill*, 43 N. Y., 554, affirming 54 Barb., 209.) After the death of Mr. Pike the cause of action survived against Harrison alone. (*Bentz* v. *Thurber*, 1 T. & C., 645; *Livermore* v. *Bushnell*, 5 Hun, 285; *Wilmur* v. *Curry*, 2 DeG. & S., 347; *Gere* v. *Clark*, 6 Hill, 350; *Pope* v. *Child*, 55 N. Y., 125; *Richter* v. *Poppenhausen*, 42 id., 373; *Voorhis* v. *Childs*, 17 id., 354; *Getty* v. *Binsse*, 49 id., 385; *U. S.* v. *Price*, 9 How. [U. S.], 83; *Other* v. *Iveson*, 3 Drew., 177; *Jones* v. *Beach*, 2 De G., M. & G., 886.) A nonsuit granted at the trial will be sustained on appeal on any ground appearing in the case, without regard to the ground on which it was originally granted. (*Beckwith* v. *Whalen*, 5 Lans., 376 *Bakewell* v. *Elsworth*, 1 Legal Obs., 346.)

*Geo. V. N. Baldwin* for the respondent. The contract between plaintiff's agent and Pike arose out of some new consideration, and was not within the statute of frauds. (*Leonard* v. *Vredenberg*, 8 J. R., 23; *Rogers* v. *Kneeland*, 13 Wend., 114–122; *King* v. *Despard*, 5 id., 277; *Devlin* v. *Wood*, 34 Barb., 252; *Quintard* v. *De Wolf*, id., 97; *Chesterman* v. *McCostlin*, 6 N. Y. L. Obs., 212; *Farley* v. *Cleveland*, 4 Cow., 432–439; Chitty on Con., 752; Story on Con., § 1115; *Douglas* v. *Howard*, 24 Wend., 42; *Brown* v. *Curtiss*, 2 N. Y., 232.) The evidence showing that the contract was an original one was admissible. (*Park* v. *Brinckerhoff*, 2 Hill, 663.) The promise of Pike was an original promise; he was bound by it. (*Griswold* v. *Slocum*, 10 Barb., 402; *Richards* v. *Warring*, 1 Keyes, 576–584; *Parks* v. *Brinckerhoff*, 2 Hill, 663; *Clark* v. *Rawson*, 2 Den., 135.) A contract like the present, when reduced to writing, if only orally assented to between the parties, constitutes the agreement between them, although not signed by them. (*Dutch* v. *Mead*, 36 N. Y. Sup. Ct., 427.)

ALLEN, J.. The plaintiff has elected to charge the original defendant, Pike, as a joint contractor and debtor with Harrison, and unless they were joint obligors and thus joint debtors, the action would necessarily have failed had Pike continued to live. By his death the action abated as to him, and his personal representatives have been substituted as defendants jointly with the survivor, Harrison. Unless the action could have been brought against the surviving debtor, together with the personal representatives of the deceased debtor, the executors of Pike were improperly substituted and joined as defendants with Harrison, the survivor, and the action cannot be maintained. The question is the same as it would have been had Pike died before the commencement of the present action, and the plaintiff had sued the executors and Harrison jointly. Such an action could not have been maintained, unless the plaintiff had averred in her complaint her inability to procure satisfaction from the survivor. (*Vorhis* v. *Childs,* 17 N. Y., 354; *Richter* v. *Poppenhausen,* 42 id., 373; *Pope* v. *Cole,* 55 id., 125.) If, therefore, as is claimed by the plaintiff, Harrison and Pike were both original obligors and contractors, and therefore principal and joint debtors as between them and the plaintiff, the complaint was properly dismissed as to the executors of Pike, upon the ground of misjoinder. If Pike was a mere surety for Harrison, then by the death of the surety his estate was absolutely discharged from all liability upon the joint obligation, both at law and in equity, and no action could be maintained against his representatives, either severally or jointly with Harrison. (*Getty* v. *Binsse,* 49 N. Y., 385; *United States* v. *Price,* 9 How. [U. S.], 92; *Risley* v. *Brown.*\*) Whether, therefore, Pike, the testator, was a principal or surety in the contract of hiring, the complaint was properly dismissed as against his representatives. There are other serious difficulties in the way of the plaintiff's recovering in this action, but as the nonsuit must be sustained for the reason already suggested, they will not be considered.

\* Ante p. 160.

The order granting a new trial must be reversed, and the judgment at Circuit affirmed.

All concur.

Order reversed, and judgment affirmed.