## N. Y. COMMON PLEAS.

MICHAEL W. DIVINE, administrator, &c., agt. WILLIAM BUTLER DUNCAN, administrator, &c., impleaded.

*Supplemental complaint — right to amend — joinder of parties.*

A supplemental complaint is a pleading, and as such is amendable once, as of course, in pursuance of section 172 of the Code. A new cause of action can be set up as well in an amended pleading as in an original.

The representatives of a deceased defendant may be joined with a surviving defendant in an action upon a joint liability where the insolvency of the surviving partner is averred.

*Special Term, March,* 1877.

LARREMORE, *J.*— Charles R. Carroll, in 1867, brought suit against Noah L. Wilson, David Gibson and Wm. L. Roelofson, composing the firm of Wilson, Gibson & Co., to recover upon a joint liability for the purchase and sale of cotton. Carroll had purchased and paid $50,000 for an interest, and was to share in the profits and losses of the transaction. He avers that large quantities of cotton had been bought and sold, and prays for an accounting in the premises, and for judgment for the amount found due him. Defendants answered, admitting plaintiff's interest, their readiness to account, and pleading non-joinder of parties.

The defendant Roelofson died, leaving a will appointing Thomas C. T. Buckley, his executor, who also died. Duncan, one of the present defendants, was duly appointed administrator with the will annexed. The plaintiff died in 1874, and Divine, the present plaintiff, was duly appointed administrator of his estate, who served a supplemental complaint in

Divine agt. Duncan.

revivor as against Duncan as administrator. A demurrer was interposed by him, which was noticed for argument. After service of such notice, and within twenty days after the service of such complaint, the plaintiff served an amended supplemental complaint, changing the cause of action by leaving out the name of the defendant Wilson, alleging his insolvency and death, the insolvency of the defendant Gibson, and praying judgment against Duncan as such administrator, and against Gibson, and that the action be revived. The amended supplemental complaint was returned with a notice that it was unauthorized, as it set up a new cause of action, and was not an amendment. This motion was then made to compel its acceptance and stay all proceedings on the argument of the demurrer.

The Code provides (*sec.* 121) that no action shall abate by the death of a party, if the cause of action survive. In such case, the court, on motion at any time within one year thereafter, or afterward on a supplemental complaint, may allow the action to be continued by or against the representatives of the party deceased. By the section above referred to, a supplemental complaint, a complaint for revivor and supplement, and for mere revivor, are all placed upon the same footing. In this case the cause of action survived, and the proceedings had by the present plaintiff for a revival as against the surviving defendants were authorized and legal. This the defendant Duncan concedes by accepting service of the supplemental complaint and demurring thereto. By the service and return of the amended supplemental complaint and the present application two questions are presented for adjudication :

*First.* The right to amend the supplemental complaint, of course, in pursuance of section 172, and set up a new cause of action.

*Second.* The right to join the representatives of a deceased defendant with a surviving defendant in an action upon a joint liability.

First. The supplemental complaint is a pleading, and as such amendable once as of course (*Goddard* agt. *Benson*, 15 *Abb. Pr.*, 191), and the cases of *Brown* agt. *Leigh* (49 *N. Y.*, 78) and *McQueen* agt. *Babcock* (3 *Keyes*, 428) hold that a new cause of action can be set up as well in an amended pleading as in an original. To the same effect are *Spencer* agt. *Tooker* (12 *Abb.*, 353); *Fieldin* agt. *Casselli* (16 *id.*, 289).

In the more recent case of *Robertson* agt. *Bennett* (*Daily Register*, *February* 1), in the superior court, it was decided by judge SPEIR that an answer might be served as of course as an amendment to a demurrer.

In face of these authorities, I must hold that the supplemental complaint was amendable.

Second. Is Duncan, as the administrator of the deceased defendant Roelofson, properly joined as a party with the surviving defendant Gibson?

If this were an action at law on a joint liability, Duncan would not be a proper party, and the estate in his hands could only be reached by a suit in equity after all legal remedies against the surviving partner had been exhausted (*Richter* agt. *Poppenhausen*, 42 *N. Y.*, 373; *Masten* agt. *Blackwell*, 15 *id.* [*Sup. Ct. Rep.*], 313). But this action is on the equity side of the court, and among the averments by way of supplement is that of the insolvency of Gibson, the surviving partner. This is not absolutely denied by the opposing affidavit, the denial being as to the insolvency of the firm of which he was a member.

In *Voorhis* agt. *Child's Executor* (17 *N. Y.*, 354), the doctrine is affirmed that in any action, either at law or in equity, against the representatives of a deceased partner, the insolvency of a surviving partner is an essential fact to recovery; but the court reserved the question whether such fact would justify a joint action against the survivors and the representatives of the deceased partner. In *Van Riper* agt. *Poppenhausen* (43 *N. Y.*, 68) such an action was sustained by reason of the established fact that the surviving partner

Divine agt. Duncan.

was wholly insolvent, although the remedy at law against him had not been exhausted.

The facts alleged, if proved, would sustain a new action against Duncan, and the liberal policy of the Code, in causing parties to be brought in (*sec.* 122) in order to prevent circuity of action, leads to the conclusion that this application should be granted.

The defendant may interpose the same defenses in this as in such other action, except the statute of limitations, and where the merits presumptively appear, and the plaintiff would otherwise be remediless, it is the duty of the court to exercise a sound discretion and save the statute.