## SUPREME COURT.

SAMUEL H. RANDALL agt. JAMES H. SACKET and another.

*Survivorship of liability — Contract that of sureties — Code of Civil Procedure, section 758.*

There is nothing necessarily retrospective in section 758 of the Code of Civil Procedure, and the provision, that "the estate of a person or party jointly liable on contract with others shall not be discharged by his death," applies only to future contracts.

Previous to the adoption of this section of the new Code the rule was that where the contract was that of sureties and joint, upon the death of one of such sureties his estate was absolutely discharged.

The rule as to the primary liability of the survivor is not changed by this section. It is not in the power of the legislature to extend the obligation. Nor will such an intention be imputed to the legislature if it can be avoided.

It might be necessary to bring in the representatives where the survivor was *insolvent*, and the plaintiff asked to proceed against them as in equity, or where the action was originally of an equitable character, or where the liability was several as well as joint, but where the action could not have been brought against the survivor together with the personal representatives of the deceased, that is, as an ordinary action at law, without an averment of inability to procure satisfaction from the survivor, it would be improper to substitute and join as defendants the executor of a deceased party.

*Special Term, November,* 1878.

MOTION, under section 758 of the Code of Civil Procedure, for continuance of action against executors of defendant Sackett.

*Plaintiff in person,* for motion.

*N. B. Hoxie,* for defendant, opposed.

Randall agt. Sacket.

BARRETT, J. — (1.) The contract was that of sureties and it was joint. Upon the death of one of such sureties his estate, by the law existing at the time of entering into the obligation, was absolutely discharged ( *Wood* agt. *Fiske*, 63 *N. Y.*, 245). This rule was engrafted upon the contract precisely as though it had been written therein *(McCracken* v. *Hayward*, 2 *How.* [ *U. S.*], 612 ; *Ogden* agt. *Saunders*, 12 *Wheat.*, 213), and it was not in the power of the legislature to extend the obligation *(Same cases)*.

This was expressly held by Mr. justice NELSON in *Fielden* agt. *Lahens* (6 *Blatch.*, 524), a case very similar to the present.

Nor will such an intention be imputed to the legislature if it can be avoided *(Berley* agt. *Rampacher*, 5 *Duer*, 183 ; *Jackson* agt. *Van Zandt*, 12 *Johns.*, 169 ; *Hackley* agt. *Sprague*, 10. *Wend.*, 114 ; *Palmer* agt. *Conly*, 4 *Denio*, 374, and 2 *Comst.*, 182 ; *Dash* agt. *Van Kleck*, 7 *Johns.*, 377).

There is, in fact, nothing necessarily retrospective in section 758 of the Code of Civil Procedure, and full effect can be given to the provision, that " the estate of a person or party jointly liable on contract with others shall not be discharged by his death," by making it applicable to future contracts.

This provision does not, as claimed, merely go to the remedy but very clearly affects the liability. As was said in *York* agt. *Peck* (14 *Barb.*, 648), the principle of non-liability does not result from any difficulty attending the procedure but "from the form of the contract. The parties have so contracted. *It would add to the liability which the parties have by their contract assumed to make the estate of the deceased liable.*"

(2.) There is another objection to this motion, and that is, that the section does not change the rule as to the primary liability of the survivor. If this action were to proceed as at law against the survivor and the representatives of the deceased it would involve the practical inconvenience of a judgment, personal against the one and *de bonis testatoris*

Randall agt. Sacket.

against the other. This would be improper (*Union Bank agt. Mott*, 27 *N. Y.*, 136; *Gardner agt. Walker*, 22 *How. Pr.*, 405). The plaintiff here does not ask to revive as in equity against the executors, leaving the survivor in, merely as a necessary party with an averment of his insolvency. He simply asks to proceed as at law, substituting the executors for the deceased and leaving the pleadings as they are. All that the section says is, that the estate shall not be discharged. That leaves the case as though the sureties were ordinary joint debtors bound for the debt, irrespective of the joint obligation, and, consequently, with a liability in equity against the representatives of the deceased after exhausting the legal remedy against, or averring the insolvency of, the survivor.

The context favors this construction, as it is further provided that the court *may* (not "*must*," a word so frequently used in this new Code) bring in the proper representatives, "*when it is necessary so to do, for the proper disposition of the matter;*" and, also, that where the liability is several as well as joint the court may direct a severance and permit the personal and representative phases of the case to proceed separately. It may be *necessary* to bring in the representatives where the survivor is insolvent and the plaintiff asks to proceed against them as in equity, or where the action was originally of an equitable character, or where the liability is several as well as joint, but scarcely otherwise. As the action could not have been brought against the survivor together with the personal representatives of the deceased, that is, as an ordinary action at law, without any averment of inability to procure satisfaction from the survivor, it would be improper to substitute and join as defendants the executors of Sacket (*Hauck agt. Craighead*, 67 *N. Y.*, 436).

The motion must, therefore, be denied, with ten dollars costs.