REUBEN COMINS, Respondent, v. JONATHAN W.
POTTLE, Appellant.

*Joint undertaking on appeal—surviving surety liable to the successful party, in
case the other surety dies insolvent.*

Where, upon an appeal to the General Term, the appellant, in order to stay
proceedings during the pendency thereof, gave a joint undertaking with
two sureties, one of whom thereafter became insolvent and died,
*Held,* that upon the affirmance of the judgment appealed from, the surviving
surety was liable to the plaintiff for the amount secured by the undertaking.

APPEAL by the defendant from a judgment entered upon the decision of the court overruling a demurrer to the complaint.

The complaint alleged that in March, 1876, the plaintiff herein recovered a judgment in this court, upon the report of a referee, against one Samuel A. Hetfield, from which Hetfield appealed to the General Term of this court, where the judgment was, in all things, affirmed with costs, and judgment of affirmance, with $174.81 costs, was duly entered up on December 14, 1877. Notice in writing of the entry thereof was served on the appellant's attorney December 17, 1877.

That on bringing such appeal the appellant Hetfield procured and caused to be executed and filed the usual undertaking, signed and executed by Jonathan Pottle, the defendant here, and one Luther Redfield, providing that the appellant Hetfield would pay all costs and damages which might be awarded against him on such appeal, not exceeding $500; and the said sureties also undertook, in the usual form, that if the judgment appealed from, or any part thereof, should be affirmed, or the appeal dismissed, the appellant would pay to the plaintiff the judgment, if affirmed, and all damages and costs which should be awarded on such appeal.

That after such undertaking had been executed, filed and served, Luther Redfield, one of the sureties, became utterly insolvent, and afterwards died, leaving no property wherewith to pay his debts or liabilities.

That the appellant in such suit has not paid any costs and dam-

ages awarded against him on the appeal, nor any part of the judgment which was affirmed.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*H. D. Betts*, for the appellant. The defendant and his co-obligor, Redfield, having contracted merely as sureties, the contract is the measure of the liability of the defendant. (*Wood* v. *Fisk*, 63 N. Y., 245; *McCluskey* v. *Cromwell*, 11 Id., 593.) The defendant's co-surety, Redfield, being dead, his estate is therefore absolutely discharged both in law and equity from all liability on account of the undertaking in question. (*Wood* v. *Fisk*, *supra*; *Getty* v. *Binsse*, 49 N. Y., 385; *Risley* v. *Brown*, 67 Id., 160.) The plaintiff cannot charge the defendant with a several liability upon a joint obligation, he being a mere surety. (*Robertson* v. *Smith*, 18 Johns., 459; *Olmstead* v. *Webster*, 8 N. Y., 413; *Towers* v. *Moor*, 2 Vern., 98; *Simpson* v. *Vaughn*, 2 At., 31; *Simpson* v. *Field*, 2 Cases in Ch., 22; *Simmer* v. *Powell*, 2 Merival, 30; Story Eq. Jur., §§ 163, 164; *Perry* v. *Chestes*, 12 Abb. Pr., N. S., 113.)

*R. A. Parmenter*, for the respondent.

FOLLETT, J.:

A joint promise is severed by the death of one of the promisors; and the survivor remains liable. (*Matter of Rice*, 7 Allen, 112, 115; *Kennedy* v. *Carpenter*, 2 Wharton, 361.) In the case last cited, two persons became joint accommodation indorsers, and it was said that the survivor was liable on his promise. In *Richardson* v. *Horton* (6 Beav., 185), A. and B. were obligors in a joint bond. A., who was alleged to be the principal debtor, died. It was held that the assets of A. were not liable upon the bond; but that the liability survived to B. Unless B.'s liability to the obligee survived the death of A., B. would have had no cause of action against the estate of A. (*Grant* v. *Shurter*, 1 Wend., 148; *Godson* v. *Good*, 6 Taunt., 587; *Cabell* v. *Vaughan*, 1 Saund., 291, notes; *Fort* v. *Oliver*, 1 Maule & S., 242; *Weaver* v. *Shryock*, 6

Serg. & R., 261; *Getty* v. *Binsse*, 49 N. Y., 385; 2 Chitty on Cont., 11 Am. ed., 1351, note 8; 3 Williams on Ex., 6 Am. ed., 1842; Chitty Pl., 16 Am. ed., 49; 3 Robinson Pr., 106; 4 Id., 187.) The judgment must be affirmed, with costs.

LEARNED, P. J., and BOCKES, JJ., concurred.

Judgment affirmed, with costs.