ORANGE COUNTY.—HON. R. C. COLEMAN, SURROGATE.—November, 1886.

MATTER OF DUNN.

*In the matter of the estate of* MOSES DUNN, *deceased.*

The rule, prevailing previously to the enactment of Code Civ. Pro., § 758, that, upon the death of one of two joint debtors, the decedent's estate can be held only upon showing inability to collect from the survivor, contemplates the insolvency of the latter. His discharge by virtue of the bar of the statute of limitations is insufficient.

An executor or administrator cannot, by making payments in respect of a claim the remedy upon which is barred by the statute of limitations, bind his decedent's estate, so as to revive the obligation.

Barry v. Lambert, 98 *N. Y.*, 300—distinguished.

WILLIAM L. COLE, claiming to be a creditor of this estate, filed his petition asking that the executors be

required to account or pay his claim.   On the return of the citation, objection was made to this application by the executors that the petitioner was not a creditor, and therefore could not compel an accounting.   In the month of August, 1868, Alanson Dunn and Moses Dunn, as copartners in business, purchased of petitioner a stock of goods, and in payment gave a note of which the following is a copy :

" $2500.   Three years after date, for value received, we promise to pay to William L. Cole, or order, twenty-five hundred dollars, with interest payable annually,

Unionville, Aug. 8th, 1868.

Alanson Dunn.<br>Moses Dunn."

Moses Dunn died January 1st, 1870, leaving a will of which his widow Jane Dunn and Henry A. Wadsworth were the executors.   Before his death, one year's interest had been paid on the note.   After his death Wadsworth, as executor, paid interest on the note each year, down to 1882, and about $500 of the principal.   In 1886, Cole commenced an action in the Supreme court against Alanson Dunn the surviving maker, who pleaded the statute of limitations, and judgment was rendered against the plaintiff on that ground.

In this proceeding, the executors answered, denying the liability of the estate because of the petitioner's failure to show the want of joint assets or insolvent survivor, and also pleaded the statute of limitations.

B. R. CHAMPION, *for executors.*

C. E. CUDDEBACK, *for petitioners.*

THE SURROGATE.—This case is not affected by § 758 of the Code of Civil Procedure. The note having been made in 1868, the rights of the parties are to be determined by the law as it existed at the time of the transaction (Randall v. Sacket, 77 *N. Y.*, 480). The obligation being joint, upon the death of Moses Dunn, his debt at law was discharged, and his estate was only liable in equity, and not in equity unless the petitioner is unable to collect the debt from the survivor (Pope v. Cole, 55 *N. Y.*, 124; Hauck v. Craighead, 67 *N. Y.*, 432). The petitioner must not only be unable to collect the debt of the survivor, but must be unable to do so because of want of property.

In this case, the question of solvency of the survivor is not mooted, but it appears that the petitioner in these proceedings, in an action brought by him, in 1886, nearly sixteen years after the death of the testator, against the survivor upon the note, was defeated by the statute of limitations, and is thus unable to collect the note of the survivor. The estate of the deceased cannot by the laches of the petitioner, be made to suffer the loss of its right to have the note collected from the survivor, not even if the survivor be now insolvent (Bloodgood v. Bruen, 8 *N. Y.*, 362, 374). And the same principle seems to be held in Lawrence v. Leake (2 *Denio*, 585).

If these views are correct, the petition in this case should be dismissed, unless the payments made by the executor have in some way revived or kept alive the obligation against the estate; and it is claimed on behalf of the petitioner that such is the case. I

think the effect of these payments is determined by the answer to the question whether, at the time of making them, the note was a subsisting obligation against the estate, for while an executor may, by making payments on claims which are at that time valid, create a legitimate inference of an acknowledgment of the claim and promise of payment, so as to keep it out of the statute, he cannot, however, by so doing revive a demand which has once expired, or create a liability where, at the time of making the payments, none existed (McLaren v. McMartin, 36 *N. Y.*, 88; Barry v. Lambert, 98 *N. Y.*, 300, 308).

The counsel for the petitioner refers to the case of Barry v. Lambert as sustaining his position, but, as I read that case, the admissions made by the executrix were held to be only an acknowledgment of the validity of a subsisting claim, and the proof of such admissions established a claim which otherwise could not have been proved. The obligation as to the estate was discharged at law by the death of the testator, and the petitioner has never established a liability in equity. The executor could not, therefore, make a valid acknowledgment or promise of payment of the debts.

I, therefore, direct an order to be made, dismissing these proceedings.