* Curia.
It is very clear that the action cannot be maintained upon the principles of the common law The two counts on which the plaintiff relies set forth an absolute promise, by the defendants, to pay the contents of the bill to the bearer, as in case of a common promissory note; and the bill pro duced in evidence is a draft, or order, on a third person, containing only an implied conditional promise of the defendants to pay, in default of the drawee.
If the defendants had no authority, by their charter, to issue such bills, this might expose them to reprehension or punishment, but could not alter the legal construction of the written contract. But before the passing of the statute of 1816, c. 91, there seems to have been no legal objection to their drawing such a bill. If they had funds in the Middletown Bank, or in the hands of any other person, they might lawfully draw them out, as any other person might do; and even the statute referred to still leaves them this right, provided the sum drawn for, in any one bill, exceeds one hundred dollars,.
The mistake of the plaintiff, and perhaps of others who received bills of this description, seems to have arisen from the belief that, when a bank was incorporated, all their bills and notes, of whatever tenor, were to pass as money, and were redeemable by the bank at the pleasure of the holder. If this bill, instead of being engraved, had been written on common paper, in the usual manner, for the sum of a thousand dollars, the plaintiff would not probably have supposed that, upon receiving it of the defendants, he could immediately have demanded the money of them, without presenting it to the drawee for payment.
The best, if not the only, security of the public is, to consider every bank bill a note, when offered to them, as they would a like contract of any other person ; and not to receive it in payment, unless they are satisfied that it gives them a legal right to call for the specie at their pleasure, and that the bank will be able and wi.ling to pay it on demand. If the banks were not incorporated, and were dealing * like any other private company or association, this would be the course of business ; and it would probably, in general, give sufficient security to the *403 public; as no notes would circulate where the ability and integrity of the members or partners of the banking company were not well known, and of established credit. Experience seems to have proved that the incorporation of banks gives but little, if any, additional security to the holders of their bills; and that no legislative acts which can be passed will supply the want of prudence, skill, or integrity, in those who administer the concerns of a bank.
Having ascertained the nature and legal effect of the contract, when made, we cannot give it a different construction in consequence of the statute which was afterwards passed. The contract remains the same, and the present action is founded on that contract. No act of the legislature would authorize this Court to render a judgment, in any particular case, which should be contrary to law ; and most, certainly the act in question was not so intended. If intended as declaratory merely, as suggested in the argument for the plaintiff, it was founded on a misapprehension of the preexisting laws; and if it should have the effect contended for, it would make a new law applicable to the case at bar, instead of ascertaining what the law was before its enactment.
If the defendants have been in the habit of drawing bills of this description, and have thereby exceeded their lawful powers, and violated their charter, they may be prosecuted in a regular manner, and subjected to the legal consequences of the abuse of their charter; so, if their proceedings have been contrary to the spirit and design of the institution, and injurious to the people, the legislature may restrain and prevent such proceedings for the future. But no act of the legislature can alter the nature and legal effect of an existing contract, to the prejudice of either party ; nor give to such a contract a judicial construction, which shall be binding on the parties, or on the courts of law. (a)

Judgment on the verdict.

 Foster & Al. vs. The Essex Bank, 16 Mass. Rep. 245. — Read vs. Fullum, 2 Pick. 158. — Kimberly vs. Ely, 6 Pick. 440. — Green vs. Biddle, 8 Wheat. 84. — 3 Story's Com. Const. Law, c. 34, § 1397.