## Case No. 4,773.

FIELDEN et al. v. LAHENS et al.

[6 Blatchf. 524.][1]

Circuit Court, S. D. New York. July 31, 1869.

William W. McFarland, for plaintiffs.
Charles O'Conor, for defendants.

NELSON, Circuit Justice. This case is an important one, on account of the large amount involved, and the certainty that, unless it shall be recovered out of the assets of the estate of Lafarge, it will be lost. But, in my view of it, the principles that must

govern it are not new or difficult. One branch of it falls directly within the doctrine of the case of U. S. v. Price, 9 How. [50 U. S.] 83, 90–95, and the cases there referred to. The principle is, that equity will not hold a surety liable, when he is discharged at law; and that, in the case of a joint obligation, and of the death of the surety, as in the present case, the remedy at law is gone, as it respects the legal representatives of the surety. The cases on this subject are numerous, and it would be useless to discuss them. Several of them will be found referred to in the opinion of the court in the case of U. S. v. Price [supra], and many more in the dissenting opinion of Mr. Justice Woodbury in that case (pages 96–108).

It is urged, that certain provisions in the Code of Procedure of the state of New York have had the effect to change this rule, and to furnish a remedy at law against the representatives of a deceased joint obligor. That Code provides, in substance, that, in a suit upon a joint contract against defendants, a judgment may be rendered against any or either of them, severally. Sections 136, 274. These provisions were enacted after the date of the bond in question, and, if then operative and effectual to change the contract made by Lafarge, they must be disregarded, as the legislature possessed no such power. I agree, that if this bond had been joint and several, a suit at law might have been sustained against the representatives of Lafarge, and his estate would have been bound to pay the judgment and as, in such case, a joint suit could not have been maintained, at law, against the surviving obligor and the representatives of the deceased obligor, equity would have afforded relief. See cases in dissenting opinion of Woodbury, J., above referred to, pages 96–98. So, also, if the Code has the effect of converting this bond into a joint and several bond, and the legislature was competent to make the change, this suit is well brought, and should be sustained. But, as at present advised, I am of opinion that the provisions of the Code have no such effect; and, what is more important, if they purported to have such effect, they could not be upheld, on the ground that they would change a material part of the contract, to the prejudice of the surety. Lafarge, the obligor, did not agree to become severally bound, but jointly; and this distinction is so material, that bills are not unfrequently filed, and suits sustained or defeated, after a serious litigation to ascertain whether the bond, or other contract, was joint, or joint and several.

In any view, therefore, the demurrer must be sustained.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]