ANDREW C. GETTY, Trustee, etc., Respondent, *v.* JOHN BINSSE, Executor, etc., et al., Appellants.

| 49 | 385 |
| 111 | 309 |
| 49 | 385 |
| 138 | 207 |

The contract of a surety is the measure and limit of his liability. Upon the death of one of the makers of a joint promissory note, who was not liable for the debt irrespective of the joint obligation, but who signed the note simply as surety, his estate is absolutely discharged both in law and equity, and the survivors only are liable.

(Argued April 22, 1872; decided May 21, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department in favor of plaintiff, entered upon an order overruling defendants' exceptions and directing judgment upon a verdict.

The action is brought to recover of the personal representatives of John La Farge, deceased, the amount of a joint promissory note executed by said La Farge and one L. E. Lahens. The facts sufficiently appear in the opinion.

*T. J. Glover* and *Francis Kernan* for the appellants. The action was barred by the statute of limitations. (*Hallet* v. *Righton*, 13 How. Pr. R., 43 ; *Wortmann* v. *Same*, 17 Abb., 67.) The payments of interest by the surviving joint co-promissor did not prevent the statute of limitations from barring the claim as against La Farge's executors. (*Lane* v. *Doty*, 4 Barb., 330 ; *Winshell* v. *Hicks*, 18 N. Y., 258.) The note being joint only, the plaintiff cannot recover thereon against La Farge's executors. (17 N. Y., 374 ; 16 Barb., 289 ; *Towers* v. *Moor*, 2 Vern., 99 ; 1 Eq. cas. ab., 93 K., pl. 1 ; 1739, per Ld. HARDWICKE ; *Simpson* v. *Vaughan*, 2 Atk., 32.) When a party enters into a bond or promissory note as surety merely, equity will not extend or add to the liability. (*Simpson* v. *Field*, 2 Ch. Cases, 22, A. D. 1679 ; *Ex parte Kendall*, 17 Vesey, 526 ; *Luyner* v. *Powell*, 2 Nevin., 30 ; Story's Eq. Jur., §§ 162, 164 ; Cur., per MARSHALL, Ch. J. ; *Hunt* v. *Rousmanier*, 8 Wheaton, 212, 213 ; *Hunt* v. *Rousmanier's Admr.*, 1 Peters, 16 ; *Weaver* v. *Skyrock*, 6 Sergt. & Rawle, 262 ; *Pecker* v. *Julius*, 2 P. A. Brown's R., 33, 34 ; *Harrison* v. *Minge*, 2 Wash., Va. R., 136 ; *Kennedy* v. *Carpenter*, 2 Wharton, 361 ; *U. S.* v. *Price*, 9 Howard's U. S. R., 92, see Judge WOODBURY's dissenting opinion, pp. 102, 103, 105, 106, 107 ; *Carpenter* v. *Provost*, 2 Sandf. S. C. R., 538 ; *Other* v. *Iveson*, 3 Drewry, 177 ; *Jones* v. *Beach*, 2 De Gex, McN. & Gordon, 886 ; *Wilmer* v. *Currey*, 2 De Gex & Smales, 347 ; *Fielden* v. *La Farge's Exrs.*, U. S. Circt. Ct., Aug., 1869, MS. ; 6 Blatchford C. R., 524 ; *Waters* v. *Riley*, 2 Harris & Gill, 311 ; *Dorsey* v. *Dorsey's Exrs.*, 2 Harris & Johns., 480, note ; *Bradley* v. *Burwell*, 3 Denio, 65 ; Mr. Cooper's note to Justinian's Institutes, p. 462 ; *Smith* v. *United States*, 2 Wal., 234 ; 2 Caine's Cas. in Error, 29 ; 18 N. Y., 276.) In the case of the death of a surety in a joint obligation, where there is no pre-existing liability, the creditor cannot have relief in equity against the surety's estate. (*Wilkinson* v. *Henderson*, 1 Mylne & Keene, 582 ; *Rawstone* v. *Parr*, 3 Russ, 539 ; *Jones* v. *Beach*, 2 D. G. McN. & G., 886 ; *Other* v. *Iveson*, 3 Drewry, 177.) A mere

oral speech, touching the matter of a contemplated contract, is not admissible to change the character or import of the written contract. (*McAskie* v. *McCay*, Irish Reports Equity, vol. 2, p. 447; *Halliday* v. *Hart*, 30 N. Y., 474, 493; *Renard* v. *Sampson*, 2 Kern, 561; *Fellows* v. *Prentiss*, 3 Den., 512.) The statute of frauds avoids parol promises to answer or become responsible for the debt of another. (*Mallory* v. *Gillett*, 21 N. Y., 412; *Duffy* v. *Wunsch*, 43 N. Y., 243,)

*James C. Carter* for the respondent. The inclination of courts of equity is to charge the estate of a deceased debtor with all his obligations, joint as well as several. (*Underhill* v. *Howard*, 10 Ves., 209, 227; Story's Eq. Jur., §§ 162, 164; *Simpson* v. *Vaughan*, 2 At., 31.) In the view of a court of equity, all joint contracts and obligations, whether of copartners or others, are deemed several as well as joint. (*Sleck Case*, 1 Mor., 564; *Lane* v. *Williams*, 2 Vern., 292; *Bishop* v. *Church*, 2 Ves., Sr., 100; *Thomas* v. *Fraser*, 3 Ves., 573; *Wilkinson* v. *Henderson*, 1 Mylne & Kean, 582; *Divergnes* v. *Noble*, 2 Russ. & M., 495; *Ex parte Kendall*, 17 Ves., 520; *York* v. *Peck*, 14 Barb., 644.) Wherever a court of equity sees that in a contract, joint in form, the real intention of the parties was that it should be joint and several, it will give effect to such intention. (2 Williams on Executors, 5th Eng. ed., 1580; *Lane* v. *Williams*, Vern., 277, 292.)

PECKHAM, J. No question is made as to the pleadings, whether this is a suit at law or in equity, therefore, none is considered. I proceed, therefore, directly to the merits. The testator, La Farge, signed a joint note with one Lahens for $15,000, at a year from date, and dated February 4th, 1858. He was a surety on the note. The note was not paid; and after the decease of La Farge the surety (Lahens, the joint maker, surviving him), this suit was commenced against his representatives to recover upon the note. The testator was under no liability to the plaintiff, legal or equitable, irre-

spective of or prior to the making of the note. Lahens had been and was a surety for one Hoguet for money he (Hoguet) had received as trustee; and this note was given to secure the balance due from Hoguet. The question is, are the representatives of La Farge liable thereon?

It is a well settled principle that, in case of a joint obligation, if one of the obligors die, his representatives are, at law, discharged, and the survivor alone can be sued. (*Towers* v. *Moor*, 2 Vern., 98; *Simpson* v. *Vaughan*, 2 At., 31; *Bradley* v. *Burwell*, 3 Den., 61; *Richter* v. *Poppenhausen*, 42 N. Y., 373.)

It seems to be equally well settled that if the joint obligor, so dying, be a surety, not liable for the debt, irrespective of the joint obligation, his estate is absolutely discharged, both at law and in equity; the survivor only being liable. In such case, where the surety owed no debt outside and irrespective of the joint obligation, the contract is the measure and the limit of his obligation. He signs a joint contract and incurs a joint liability, and no other. Dying prior to his co-maker, the liability all attaches to the survivor.

*Simpson* v. *Field* (2 Cases in Ch., 22), a case in some respects like the one at bar, and decided in 1679, the chancellor held the surety discharged, as he was "not bound by law." In *Sumner* v. *Powell* (2 Merival, 30) Sir WILLIAM GRANT, Master of the Rolls, said: "It has never been determined that every joint covenant is, in equity, to be considered as the several covenant of each of the covenantors." He says he had occasion to examine, and found no such general proposition anywhere laid down. "When the obligation exists only by virtue of the covenant, its extent can be measured only by the words in which it is conceived." This judgment was sustained on appeal, after full consideration, by Lord Chancellor ELDON. (1 Tur. and Russ, 423.)

Story lays down the same doctrine. (Story's Eq. Jur., §§ 162, 163, 164, and cases there cited.) In *Harrison* v. *Field* (2 Wash. R., Va. Court of Appeals, 136) the court held the estate of a surety discharged. As it was discharged at law it

could not be held in equity. In *Other* v. *Iveson* (3 Drew. Ch. R., 177), where a check was given, signed by three persons—one of them a surety, as in the case at bar, and the money was advanced upon his credit—upon the death of the surety, his co-signers surviving, held that his estate was absolutely discharged. To the same effect is *Richardson* v. *Horton* (2 Beav., 185).

*United States* v. *Price* (9 How. U. S. R., 92). This was a case of a joint and several bond. But judgment had been recovered against all as joint debtors, and then the surety died; and it was held that plaintiffs could not proceed in equity against his estate. They had elected to hold them as joint debtors, and the surety's estate could not be made liable severally after a joint judgment. There is a dissenting opinion by Justice WOODBURY, but no difference as to this principle.

*Jones* v. *Beach* (2 De Gex, M. & G., 886) is directly in point. There the claim was upon a joint promissory note, and the surety dying, his estate was held discharged, both at law and in equity.

*Wilmer* v. *Currey* (2 De Gex, & S., 347) went still further, and held representatives of deceased not liable on a joint bond, though the joint obligors had been partners with the obligee, and the bond was given on the dissolution of the firm. The vice-chancellor held that the liability of the representatives was different under the deed from what it was before. The representatives, therefore, not liable under the deed; but party remitted to his remedy for liability prior to the joint deed.

In *Carpenter* v. *Provoost* (2 Sand. Sup. Ct. R., 537) the court, in an opinion by Mr. Justice CAMPBELL, decided the principle of non-liability of a surety's representatives, either at law or in equity, upon a joint obligation.

The same principle is recognized in *Bradly* v. *Burwell*, *supra*, by Mr. Justice JEWETT. There are many other cases holding the same rule.

*Thorpe* v. *Jackson* (2 Younge & Coll., Ex'r in Eq., 553) is in entire accord as to the point here involved.

If there had been fraud or mistake as to the note—if clearly proved that the real contract intended to be signed was joint and several, and not joint merely—then equity could and would correct that as it would any other mistake. All the cases agree to this. None is pretended in the case at bar.

It is claimed that the promise of the testator, prior to the making of this note, that he would promptly pay it at maturity, made it a several obligation. Two plain answers: first, that promise was merged in the note; second, the note promised the same jointly with Lahens. There is no pretence that he ever promised to sign any other paper.

The basis or principle upon which joint obligations have been held in the books to be, also, several in equity, is that the debt secured was owed irrespective of the joint obligation; that all were principal debtors; and they must be held to have intended a several as well as a joint liability. That rule has never been applied to a surety. His obligation is the measure of his liability.

But the rule as to principals has been modified as above stated in the later English cases.

Judgment should be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.