## THE FIRST NATIONAL BANK OF CHITTENANGO, APPELLANT, *v.* MARGARET MORGAN, ADMINISTRATRIX, ETC., RESPONDENT.

*Negotiable paper — made by partner for his individual benefit — Evidence of partnership debt — new note to take up one over-due — when liability on first note continues — makers of note — when regarded as sureties — liability of*

Negotiable paper made by a member of a firm in the partnership name, although for his individual benefit or outside the partnership business, is binding on the firm in the hands of a *bona fide* holder.

The note is, of itself, presumptive evidence of the existence of a partnership debt.

A promissory note of a debtor given in renewal, or in place of one similar in form and by the same party, is not a discharge of the liability existing on the first note, although the latter is given up, and after the first note becomes due judgment is recovered thereon and execution issued but returned unsatisfied.

A note was signed by A. & Co. for the accommodation of B., who indorsed it to C. One of the firm of A. & Co. died. *Held*, that although A. & Co. occupied the position of sureties to B., yet C. had a right to regard them as principals, and as to him therefore the liability continued on the note against the representatives of the deceased partner, and the case was not within the principle of the decision in *Gettey* v. *Binsse* (49 N. Y., 385).

APPEAL by the plaintiff from a judgment in favor of the defendant dismissing the plaintiff's complaint, entered on the decision of the court, in an action brought to enforce the payment of a debt out of the assets of a deceased partner, the surviving partner being insolvent.

*Wm. C. Ruger*, for the appellant.

*W. Kernan*, for the respondent.

BOCKES, J. :

This action is brought to collect a debt evidenced by a note for $2,500, dated September 8th, 1869, made in the partnership or firm name of "Wm. Petrie & Co.," to the order of "Bennett & Avery," and indorsed by the latter. The firm of "Wm. Petrie & Co" was composed of William Petrie and Samuel Morgan, the latter being the defendant's intestate. The partnership terminated by the death of Morgan on the 10th October, 1869. This action may be treated as an action on the above described note.

It seems that the note in suit, was the last but one, of a series of notes, commencing November 21st, 1868, all in form and as to parties alike, and made, each and every of them, by Petrie, without consideration, for the benefit of the payees, and without the knowledge or consent of his partner, Morgan. These notes had been discounted, or, following the first one, had been accepted in renewal, each of the last preceding one, by the plaintiff without notice of the fact that they were accommodation notes, or of any fact invalidating them, or either of them, as against any of the parties thereto. For any thing the plaintiff knew or had notice of, the notes were valid, business notes, enforceable against the parties according to their apparent liability as makers and indorsers, and they were accepted before maturity in the due course of business. The plaintiff was therefore a *bona fide* holder and owner for value of the note in suit, and Samuel Morgan was liable thereon as a member of the firm of William Petrie & Co. Negotiable paper made by a member of the firm in the partnership name, although for his individual benefit, or outside the partnership business, is binding on a firm in the hands of a *bona fide* holder. (*Catskill Bank* v. *Stall*, 15 Wend., 364; S. C., 18 id., 466; *Wells* v. *Evans*, 20 id., 251; *Exch. Bank* v. *Monteath*, 26 N. Y., 507, 508; *Far. and Mech. Bk. of Kent Co.* v. *Butchers' and Drovers' Bank*, 14 id., 623, 628; same case, 16 id., 135.) So made, the note is, of itself, presumptive evidence of the existence of a partnership debt. (*Elwyn* v. *Drake*, 3 Johns. Cas., 594; *Vallett* v. *Parker*, 6 Wend., 615; *Whitaker* v. *Brown*, 16 id., 505.) The liability of the defendant's intestate, on the note of September eighth, to the plaintiff, seems well established; and the question arises, whether liability continued thereon against his estate, and existed at the time of the commencement of this suit. The debt evidenced by this note has never been paid. It still remains unsatisfied. The learned judge who tried the cause so finds. But it seems that another note, dated November 8th, 1869, was given in renewal, or in place of the one in suit, similar in form, and for the same amount; and the latter was thereupon delivered up to the payees, with whom all the business with the plaintiff was transacted. At this time the plaintiff was uninformed as to the death of Morgan, which had occurred on the tenth of October preceding. The note of November eighth was sued

by the plaintiff, and judgment was recovered thereon August 12, 1871, against William Petrie, as survivor of the firm of William Petrie & Co., and against Bennett & Avery, the payees and indorsers. Nothing was collected on this judgment, and the execution issued thereon, against all the defendants, was returned wholly unsatisfied. Now, did the acceptance of this note of November eighth, and the subsequent proceedings thereon to enforce its payment, discharge the debt as against Morgan's estate? The giving of the note of November eighth did not satisfy or discharge the debt evidenced by the note of September eighth. (*Cole* v. *Sackett*, 1 Hill, 516 ; *Elwood* v. *Diefendorf*, 5 Barb., 398 ; *The Winsted Bank* v. *Webb*, 39 N. Y., 325 ; *Pratt* v. *Foote*, 12 Barb., 212, 213; *Farrington* v. *Frankfort Bank*, 24 id., 562 ; *Olcott* v. *Rathbone*, 5 Wend., 490 ; *Bates* v. *Rosekrans*, 37 N. Y., 409.) Nor did its prosecution to judgment, without satisfaction. (*Davis* v. *Anable*, 2 Hill, 339 ; *Hawks* v. *Hinchliff*, 17 Barb., 492 ; *The Corn Exch. Ins. Co.* v. *Babcock*, 57 id., 231.) But it is further urged that, in view of the fact that the note was an accommodation note for the benefit of Bennett & Avery, therefore the firm of William Petrie & Co. occupied the position of surety ; and the liability being joint, Morgan's estate was absolutely discharged, both in law and in equity, according to the decision in *Getty, Trustee,* v. *Binsse, Executor* (49 N. Y., 385). As to the plaintiff, however, the firm did not hold the position of surety. The firm, was maker of the note, and, on the face of the paper, principal debtor. To this liability, a *bona fide* holder had a right to hold the firm. Thus, it seems that the debt has neither been paid, satisfied nor discharged. This action is well authorized, too, against the personal representative of Morgan, the deceased partner ; it being made to appear that Petrie, the surviving partner, is insolvent. (*Pope* v. *Cole*, 55 N. Y., 124.) It follows, from the above consideration of the case, that the plaintiff was entitled to judgment on the facts found by the trial court. The judgment for the defendant was erroneously directed, and must be reversed.

Judgment reversed and new trial ordered, costs to abide the event.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Ordered accordingly.