JOSIAH H. HELMER, APPELLANT, *v.* DANIEL B. ST. JOHN AND OTHERS, EXECUTORS, ETC., OF WASHINGTON HUNT, DECEASED, RESPONDENTS.

*Agency — revoked by death — Obligation created after death of principal — not enforceable against his representatives.*

An agreement was executed by certain shareholders of a manufacturing company, reciting, in substance, that in order to raise money to carry on its business, notes should be made from time to time, and indorsed by one or more of them, and that in case any of the indorsers of such paper should incur any loss by reason thereof, each should pay his equal proportion thereof. In an action by one of them, who had indorsed and paid such paper, to recover from the executors of H., another signer of said agreement, his proportion thereof, the complaint not alleging that said note was indorsed in the lifetime of H.

*Held,* on demurrer thereto that it did not state facts sufficient to constitute a cause of action, that the agreement, in substance, created an agency by which any shareholder could bind another, if not to the holder of the paper, at least to the other joint signers of the agreement, as a surety for the corporation; that as an agency is revoked by the death of the principal, the power to bind H. ceased at his death, and as no obligation by indorsement was alleged to have been incurred by the plaintiff during the lifetime of H., and on his death any authority to bind him or his estate ceased, no cause of action was stated.

*Held,* further, that the contract imposed a joint, and not a several or joint and several liability, upon the signers of it; that there was no consideration for the agreement except the suretyship; that formerly the liability of any one of the joint contractors was discharged at law by death, and no action could be maintained against his personal representatives in equity where the joint obligation was founded solely upon the consideration of suretyship, but under the modern doctrine, the representatives of H. would probably have been liable to contribute for any liability incurred by the plaintiff, for an indorsement made during the lifetime of H.

APPEAL from an order made at a Special Term sustaining a demurrer to a complaint, interposed on the ground that it did not state facts sufficient to constitute a cause of action.

*L. F. & G. W. Bowen*, for the appellant.

*George C. Greene*, for the respondents.

TALCOTT, J. :

This is an action against the executors of the late Washington Hunt, to recover from his estate the sum of about $23,000, alleged to be the proportion for which said estate is liable to the plaintiff, being part of the moneys alleged by the plaintiff to have been paid by him, to take up a promissory note made by the Lockport Woolen and Knitting Company for $116,448.46, and indorsed by the plaintiff for the benefit of the said company. The complaint, for the purpose of showing a liability on the part of Mr. Hunt's estate, sets up an agreement made in March, 1865, in the following words, viz. :

"In order to raise money for carrying on the business of the Lockport Woolen and Knitting Company, it is proposed that notes shall be made from time to time, as required for that purpose, and indorsed by one or more of the shareholders, according to circumstances. Therefore, the subscribers, being shareholders in said company, do hereby stipulate and agree, to and with each other, that in case any of the indorsers of such paper shall incur any personal liability or loss by reason of such indorsement, such liability or loss shall be equally divided between the subscribers hereto, and each agrees to pay his equal share or proportion of the same, so that the legal obligation and responsibility shall be the same as if said paper were indorsed jointly by all the undersigned shareholders.

"*March* 22, 1865.

(Signed)     " W. HUNT.
    " J. W. HELMER.
    " G. W. ROGERS.
    " W. T. ROGERS.
    " J. H. HELMER."

The complaint avers that the said The Lockport Woolen and Knitting Company is a manufacturing corporation created under

the statute of this State; that the persons who signed said agreement were shareholders in the said corporation; that Washington Hunt continued to be such shareholder until his death, and the other parties still continue to be such shareholders. The complaint then avers the making of the note in question, on or about the 1st day of July, 1873, bearing date on that day, payable to the order of the plaintiff, which the said plaintiff then and there, " under and in pursuance of the provisions of the said agreement, and for the benefit of the said corporation," indorsed. The complaint then sets forth that the plaintiff was charged as indorser of the note, and paid the same, and that the corporation has not paid the same, or any part thereof; that Washington Hunt died in February, 1867, leaving the defendants executors of his will, and that letters testamentary were duly issued to them, and they assumed the duties of such executorship, and that as such executors they are liable to pay the plaintiff the one-fifth of the loss incurred by the plaintiff by the payment of the said note. The second count is substantially like the first, except that it avers, in substance, that the large note paid by the plaintiff was the aggregate of various notes made by the corporation and indorsed by the defendant to raise money for the benefit of the corporation, which had been renewed from time to time. The complaint does not allege that any of said previous notes were made or indorsed in the lifetime of Washington Hunt.

The defendants demurred to each count of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained at the Special Term and the plaintiff appeals from the decision. We think the contract set up in the complaint imposed a joint, and not a several or joint and several, liability upon the signers of it. It expressly declares that the "legal obligation and responsibility shall be the same as if said paper were indorsed jointly by all the undersigned shareholders." True, it declares that the "liability or loss shall be equally divided between the subscribers, and each agrees to pay his equal share or proportion of the same." This is a precise statement of what the liability of each of the other subscribers would have been to the one who should pay the note, provided it had been jointly indorsed by all the signers of the agreement, and does not, in any manner, vary that portion of the agreement to the effect that the legal obli-

gation and responsibility shall be the same, as though the paper were indorsed by the signers jointly. It is, in fact and substance, an agreement to indorse jointly such notes as are specified. The action is on the agreement. It does not arise from the indorsement and cannot be founded thereon. There is no liability to indemnify the plaintiff, except by virtue of the agreement. There was no consideration for the agreement, except the suretyship. It was a joint agreement to become sureties for the corporation. Since the obligation to indemnify the plaintiff is founded wholly on the agreement, it is therefore an action to enforce that agreement against the executors of one of the joint contractors. In such a case the liability of any one of the joint contractors is discharged at law by death, and no action can be maintained against his personal representative in equity, where the joint obligation is founded solely upon the consideration of suretyship. This is well settled. (*Getty* v. *Binsse*, 49 N. Y., 385.) Indeed, it was held by the Maryland Court of Appeals (*Watson's Representatives* v. *Riley's Admrs.*, 2 Harris & Gill, 305), that a joint surety who had been compelled to pay money upon the joint contract of suretyship could not recover against the representative of his deceased co-surety, although the obligation to pay arose out of the joint contract.

This, however, is not the modern doctrine. If, therefore, any liability had been incurred by the plaintiff for an indorsement made during the lifetime of Mr. Hunt, the personal representative of the latter would probably have been liable to contribute to the discharge of the debt. But what seems to be, perhaps, a more satisfactory answer to the claim of the plaintiff is founded upon the principles of the law of agency, and we are inclined to place our decision of this case more especially upon this latter ground. The agreement was, in substance, an authority to any shareholder of the company to pledge the responsibility of Mr. Hunt, as a surety for the corporation, upon any paper which should be indorsed by such shareholder, within the purview of the agreement. In substance it created an agency by which any shareholder could bind Mr. Hunt, if not to the holder of the paper, at least to the other joint signers of the agreement, as a surety for the corporation. An agency is revoked by the death of the principal. (Story on Agency, § 488, and cases cited.) The power to bind Mr. Hunt then ceased

at his death. No obligation by indorsement was incurred during his lifetime; and after that any authority to bind him or his estate for any such purpose ceased. We are, therefore, of the opinion that the complaint, which does not aver that any indorsement of the corporation paper was made by the plaintiff in the lifetime of Mr. Hunt, does not set forth any cause of action.

Present— MULLIN, P. J., SMITH and TALCOTT, JJ.

Order sustaining demurrer affirmed.