SAMUEL H. RANDALL, Appellant, v. JAMES H. SACKETT, Impleaded, etc., JAMES W. SACKETT et al., Executors, etc., Respondents.

The provision of the Code of Civil Procedure (§ 758), providing that the estate of one jointly liable with others shall not be discharged by his death, does not affect contracts entered into before its passage. The provision is not merely remedial, as it imposes, in some cases, an obligation where none existed before.

Where, therefore, after action brought against two sureties upon a joint undertaking given upon appeal prior to the passage of said Code, one of the defendants died, *held*, that his liability ceased upon his death; and that a motion to revive the action against his executors, and to substitute them as defendants, made after said Code went into effect, was properly denied.

(Argued May 27, 1879; decided June 3, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, which denied a motion on the part of plaintiff to revive and continue the action after the death of defendant Sackett, and to substitute his executors as defendants in his stead.

The nature of the action and the facts appear sufficiently in the opinion.

*Samuel H. Randall*, appellant in person. Section 758 of the Code of Civil Procedure is not unconstitutional. (Const. State of New York, Art. 6, § 5; *People ex rel.* v. *Green*, 58 N. Y., 295; *People ex rel* v. *Supervisors*, 70 id., 229; *Hiller* v. *Railroad Co.*, 70 id., 227.) It did not affect or touch any contract, or impair the obligation of any contract, or repeal any statute under which a vested right existed. (*Stocking* v. *Hunt*, 3 Den., 274; *Moore* v. *Gould*, 11 N. Y., 281; *Lennon* v. *Mayor*, 55 id., 361; *Town of Guilford* v. *Supervisors*, 13 id., 147; *Donnelly* v. *Corbett*, 7 id., 500; *Van Rensselaer* v. *Snyder*, 13 id., 30; *Long's Appeal*, vol. 6, "The Reporter," No. 21, 667; *Edwards* v.

*Kearzey*, id., No. 18, 545; *Terry* v. *Anderson*, 5 Otto, 633; *People* v. *Supervisors*, 43 N. Y., 136; *Beevort* v. *Grace*, 53 id., 245; *Brine* v. *Ins. Co.*, 6 Otto, 627; *People* v. *Fowler*, 55 N. Y., 675; *Town of Duanesburgh* v. *Jenkins*, 57 id., 194; *Cochran* v. *Van Sorley*, 20 Wend., 372; Throop's Code [1st ed.], Com'rs note; *Morse* v. *Gould*, 11 N. Y., 291; Sharwood's B'l. Com., vol. 1, §§ 91–92, *n.* 11; *Blount* v. *Windley*, 6 Reporter, No. 12, 353.) Plaintiff could, under said section 758, enforce the bond against Sackett's estate. (*Stocking* v. *Hunt*, 3 Den., 274; *Morse* v. *Gould*, 11 N. Y., 281; *Van Rensselaer* v. *Snyder*, 13 id., 300; *In re Trustees* v. *Presby. Ch. of Pitts.*, 7 Reporter, No. 20, 633; *State of Md.* v. *R. R. Co.*, 4 Am. Law Times Rep. [N. S.], No. 5, 236.)

*N. B. Hoxie*, for respondents. Defendant Sackett was discharged from all liability as surety by his death. (*Getty* v. *Binsee*, 49 N. Y., 385; *Wood* v. *Fiske*, 63 id., 245; *Risley* v. *Browne*, 67 id., 160; *Hauck* v. *Craighead*, 67 id., 432.) The undertaking having been executed prior to the passage of section 758 of the Code of Civil Procedure was not affected by that section. (Potter's Dwarris' Statutes, 162, *n.* 9; *Dash* v. *Van Kleeck*, 7 J. R., 477; *Bay* v. *Gage*, 36 Barb., 447; *Ely* v. *Holton*, 15 N. Y., 596; *Johnson* v. *Burrell*, 2 Hill, 238; *Palmer* v. *Conly*, 4 Den., 374; *Jarvis* v. *Jarvis*, 3 Edw., 462; 1 Kent's Com., 464 [8th Am. ed.]; *Edwards* v. *Kearzey*, 6 Otto, 595; *McCracken* v. *Hayward*, 2 How. [U. S.], 612; *Ogden* v. *Saunders*, 12 Wheat., 213; *Wood* v. *Mayor of N. Y.*, 34 How., 501; *Hadfield* v. *Mayor of N. Y.*, 2 Abb. [N. S.], 95; *Burch* v. *Newbury*, 10 N. Y., 374, 391; *Bay* v. *Gage*, 36 Barb., 447; *Vrooman* v. *Jones*, 5 How., 369; *Oliver* v. *McClure*, 28 Ark., 555; *Brine* v. *Hartford Ins. Co.*, 96 U. S. R. [6 Otto], 627; Abb. Dig. Corp., 385; *Ely* v. *Holton*, 15 N. Y., 596; *Wood* v. *Oakley*, 11 Paige, 400.)

EARL, J. This action is against the above named defendants as sureties upon a joint undertaking dated June 12,

1874, given upon appeal. After the action was at issue, Sackett died, and this motion. was made, after the Code of Civil Procedure went into effect, to revive the action against his executors, and to substitute them as defendants in his place. The motion has been denied, on the ground that death put an end to the obligation of the surety, upon the authority of the following cases : (*Getty* v. *Binsse*, 49 N. Y., 385; *Wood* v. *Fisk*, 63 id., 245; *Risley* v. *Brown*, 67 id., 160; *Hauck* v. *Craighead*, id., 432.) Under these authorities it was one of the conditions of Sackett's undertaking that, in case of his death, his estate should be discharged. As said by GRIER, J., in *United States* v. *Price* (9 How., 83) : "Such being the law, it may be considered as a part of the written condition of the bond."

This undertaking is dated June 12, 1874. Subsequently it was provided, in section 758 of the Code, that "the estate of a person or party jointly liable upon contract with others shall not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent, when it is necessary so to do for the proper disposition of the matter." It is claimed by the plaintiff that this provision changes the former rule, and that it prevents the discharge of Sackett's estate. The answer to this claim is, that the Federal Constitution forbids the passage of any law by a State impairing the obligation of contracts, and hence this provision cannot have the effect claimed upon such undertakings executed before its enactment : (*Ogden* v. *Saunders*, 12 Wheat., 213; *Matter of Lee & Co.'s Bank*, 21 N. Y., 9; *Fielden* v. *Lahens*, 6 Blatchf., 524.) Judge STORY, in his work on the Constitution (§ 1385), says : "It is perfectly clear that any law which enlarges, abridges, or in any manner changes the intention of the parties, resulting from the stipulations in the contract, necessarily impairs it." In *King* v. *Dedham Bank* (15 Mass., 447), it was decided that no act of the Legislature can alter the nature and legal effect of an existing contract, to the prejudice of either party. An obligation is impaired when it is made worse for

either party thereto. It is not correct, as claimed by the appellant, that this provision is merely remedial, relating to the mode of civil procedure upon the death of a person who has entered into a joint obligation. On the contrary, it imposes an obligation where none existed before. It enlarges the force and scope of an existing contract, and this no act of the Legislature can do.

The order should be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Order affirmed.