JOHN R. RICHARDSON, Appellant, v. JOSHUA DRAPER. AND JAMES B. HULSE, as Assignees of ELISHA B. WHEELER, Appellants.

*Contract—by the laws of what State it is to be governed—liability of the estate of a deceased joint debtor—Code of Civil Procedure, § 758, is not applicable to prior contracts.*

In October, 1872, the Nes Silicon Steel Company, a corporation organized under the laws of this State, and having its principal place of business in Rome, Oneida county, executed at that place bonds, to the amount of $150,000, payable January 1, 1878, at a bank in New York city, secured by a mortgage upon real estate owned by it at Sandusky, Ohio, payment of the bonds being also secured by a joint guaranty thereof, executed in this State by one Wheeler and others. Thereafter, the bonds were, in pursuance of a previous arrangement to that effect, sent to Sandusky, and there sold to citizens of that place. In 1874, Wheeler made a general assignment of all his property for the benefit of his creditors, and thereafter, and in 1876, died.

Upon an application to compel a distribution of the funds in the hands of the assignee, the holders of the bonds, payment of which had been so guaranteed by Wheeler, claimed to be entitled to share therein.

*Held*, that as the guaranty though executed in this State, was to be delivered and become operative and had its inception in Ohio, its construction and the liability of the parties thereto, were to be governed by the laws of that State.

That as a statute of that State provided that when one or more persons indebted upon a joint contract shall die, his estate shall be liable, as though the contract had been joint and several, the estate of Wheeler was liable for the amount of the bonds so guaranteed by him.

Section 758 of the Code of Civil Procedure, providing that the estate of one jointly liable upon a contract shall not be discharged by his death, is not applicable to contracts made prior to its adoption.

Appeals by the plaintiff and defendants from an order granted at a Special Term of this court, on December 23, 1879, which overruled that portion of the referee's report herein, which rejected the claims proved against the assigned estate of Elisha P. Wheeler by the bondholders of the Nes Silicon Steel Company,

and allowed said claims; and also from the decree or judgment granted herein by Mr. Justice Pratt, allowing said claims against said estate, and directing their payment *pro rata* with the proven claims of other creditors of said Wheeler.

On June 3, 1872, the Nes Silicon Steel Company was incorporated in this State. The company, having expended its capital, needed money to develop the property purchased therewith, and in July, 1872, through E. Gulick, its president, opened negotiations with the bond-holders herein, residents of Sandusky, Ohio, for a loan of $150,000, to be expended in erecting a rolling mill at Sandusky. The loan was to be represented by bonds of the company for the amount, secured by a mortgage upon the mill, and by the guaranty of Elisha P. Wheeler and others. The bonds were payable at a bank in the city of New York. The citizens of Sandusky, relying upon the guaranty, subscribed $150,000, and Mr. Hubbard was appointed trustee for them and the company.

Thereafter the bonds, mortgage and guaranty were sent to Mr. Hubbard, at Sandusky, and after their receipt, the money subscribed was paid at Sandusky, and the bonds were sold there and are now held by the claimants herein, who reside there.

*S. W. Fullerton*, for the plaintiff, appellant.

*J. C. Perry*, for the defendants, appellants.

*James L. Bishop*, for certain creditors, respondents. The contract of guaranty, as to its construction and legal effect, is governed by the laws of the State of Ohio. The contract of guaranty being silent as to the place of performance, it is to be governed by the law of the place where it was made. (Brandt on Suretyship, §§ 1, 2; *Lee* v. *Selleck*, 38 N. Y., 615; *Cook* v. *Litchfield*, 5 Sandf., 330; *S. C.*, 9 N. Y., 290; *Aymar* v. *Sheldon*, 12 Wend., 439, 443; *Hix* v. *Brown*, 12 Johns., 142; and *Lee* v. *Selleck*, approved in *Merchants' Bank* v. *Griswold*, 72 N. Y., 481.) The guaranty was made in legal intendment at Sandusky, Ohio. (*Tilden* v. *Blair*, 21 Wall., 241; *Hyde* v. *Goodnow*, 3 N. Y., 271; *Mullen* v. *Hicks*, 49 Barb., 250; *Artisans' Bank* v. *Park Bank*, 41 Id., 599; *Waldron* v. *Ritchings*, 9 Abb. Pr., N. S., 359, 367; *Milliken* v.

*Pratt,* Alb. L. J., April. 19, 1879; *Bell* v. *Bruen,* 1 How. U. S., 615; Story Conf. Laws, 6 ed., § 284; 1 Daniels Negotiable Instruments, § 868; 2 Pars. Bills and Notes, 327, and cases; *Lee* v. *Selleck,* 33 N. Y., 615; *Cook* v. *Litchfield,* 5 Sandf., 330; *S. C.,* 9 N. Y., 290.) If it could be conceded that the place of payment of the guaranty was at New York, still, inasmuch as the guaranty was sent to Ohio to take effect there, and as the basis of an obligation to be negotiated there, the contract is to be regarded as an Ohio contract, and the place of payment is a mere incident. (*Tilden* v. *Blair,* 21 Wall., 246; *Prov. Co. Bank* v. *Frost,* 13 N. B. R., per BLATCHFORD, J.; *National Bank* v. *Morris,* 1 Hun, 680; *Wayne Co. Sav. Bank* v. *Low,* 6 Abb. N. C., 76; *Dickinson* v. *Edwards,* 20 Alb. L. J., 347; *Chapman* v. *Robertson,* 6 Paige, 627; *First National Bank* v. *Shaw,* 61 N. Y., 283, 292; *Bright* v. *Judson,* 47 Barb., 29, 36.)

DYKMAN, J.:

There is money in the hands of the defendants in this action, which they hold as assignees of Elisha P. Wheeler, deceased, under a general assignment, for the benefit of creditors.

Certain persons desire to share in the distribution of this fund, whose claims have this foundation:

There was, in the days of Elisha P. Wheeler, a domestic corporation, known as the Nes Silicon Steel Company, with its place of business in the village of Rome, Oneida county, in this State. This corporate body issued its bond for $150,000, dated October 28, 1872, payable to L. S. Hubbard, trustee, or bearer, at the Fourth National Bank, in the city of New York, on January 1, 1878. The payment of the bonds was secured by a mortgage on real property of the company, at the city of Sandusky, in the State of Ohio, and all the bonds were given to the citizens of that city, for a loan by them to the company of that amount.

The payment of this loan was guaranteed by Elisha P. Wheeler and others, by a joint guaranty. The bonds have not been paid, and now the holders claim to be creditors of Wheeler and entitled to share in the distribution of the funds held by the assignee. The guaranty was signed in October, 1872. The assignment to

the defendants was made in December, 1874. Mr. Wheeler died in March, 1876, and the bonds in question came due January 1, 1878; they were, therefore, in immaturity at the time of his death.

Outside of the guaranty, Wheeler was in no way liable for the payment of these bonds. By that contract he became surety only, and that is the limit of his obligation. By settled law with us his death terminated his liability, and discharged his estate both in law and equity, and left the surviving guarantors alone subject to this contract. (*Getty* v. *Binsse*, 49 N. Y., 385; *Wood* v. *Fisk*, 63 Id., 245; *Risley* v. *Brown*, 67 Id., 160.)

Since the making of this contract, the legislature has enacted a provision that the estate of a party jointly liable upon contract with others shall not be discharged by his death. (Code of Civil Procedure, § 758.) This new rule of liability, however, can be allowed no force in this case under the inhibition of the Federal Constitution forbidding the passage of any State law impairing the obligation of contracts. It would enlarge the liability of the parties and change the intention of their stipulation, and thus impair their contract. (*Randall* v. *Sackett*, 77 N. Y., 480.) If, therefore, there was no other point upon which the determination of this case depended, the demand of the Ohio claimants would be disallowed and the judgment below reversed.

By far the most serious question in the case, however, remains yet to be examined. Thus far the examination has proceeded upon the theory that the guaranty was a New York contract, and controlled by the law of this State. The contention of the claimants on the other hand is, that it is an Ohio contract and must be interpreted by the law dominant in that State, and this claim must now be examined. At the time the guaranty in question was made there was a statute of the State of Ohio, providing " that when two or more persons shall be indebted upon any joint contract, and either of them shall die, his estate shall be liable therefor as if the contract had been joint and several, or as if the judgment had been against himself alive."

This guaranty is a new and independent contract, and has in it no place of performance specified. It runs to the trustee Hubbard and the bondholder, and the recital is that it was to be

deposited with him for the benefit of the holders of bonds. The law is, that the rights of parties to lawful contracts are determined by the law of the place of performance. Where was that place for this contract? It had no inception as such until its acceptance by the bond-holder. To that time it rested in proposition merely, and might have been revoked and withdrawn. Until that time the mutuality essential to its validity was wanting. After such acceptance, the guaranty became a contract, and not before. That took place in the State of Ohio, and it seems to result that the guaranty there first had inception as a binding contract, for it was sent there with intention that it should first be used in that State.

In the case of *Tilden* v. *Blair* (21 Wall., 246), a draft was drawn at Chicago, on Tilden & Co., and accepted by them, payable in New York, and then the draft was returned to Chicago, with the intention that it should be there negotiated, and the court said: "In legal effect they accepted the draft in Chicago, when, by their authority, the drawer negotiated it, and thus caused effect to be given to their undertaking. Nor is the law of the contract changed by the fact that the acceptance was made payable in New York. The place of payment was doubtless designated for the convenience of the acceptors or to facilitate the negotiation of the draft. But it is a controlling fact, that before the acceptance had any operation,—before the instrument became a bill, the defendants sent it to Illinois for the purpose of having it negotiated in that State."

The general rule of law is that a contract takes effect, as such, at the place where it was intended to be delivered, and become operative, and the liability of the parties is determined by the law of that place. (*Lee* v. *Selleck*, 33 N. Y., 615; *Tilden* v. *Blair*, 21 Wall., 246; *Wayne Co. Bank* v. *Low*, Court of Appeals, not yet reported.)

In this case it was clearly the intention of the parties that the guaranty should be forwarded to Sandusky, and there become operative, as a contract with the trustee and the bond-holder. Our conclusion, therefore, is that the contract is controlled by the

statute, and that the judgment appealed from must be affirmed, with costs.

The motion to dismiss the appeal must be denied, without deciding the question respecting the right of the assignees to appeal. There is an appeal by the plaintiff, who has sufficient interest to make it.

The motion to dismiss appeal should be denied, with costs and disbursements.

: BARNARD, P. J., concurred ; GILBERT, J., not sitting.

Judgment affirmed, with costs, and motion to dismiss appeal denied.