---

## In re ROBINSON'S WILL.

### (Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. CONTRACTS—JOINT LIABILITY—TENANCY IN COMMON.
    Where tenants in common of property employ a person to perform services, agreeing to pay him a certain sum, their liability is joint.

2. SAME—DEATH OF PARTY—LIABILITY OF ESTATE.
    Under Code Civ. Proc. § 758, providing that, where an action is pending against several persons jointly liable on a contract, the death of one shall not discharge his estate, the creditor must exhaust his remedies against the survivors before proceeding against the estate of the deceased debtor for the full amount of the debt.

Appeal from surrogate's court, Kings county.

Judicial settlement of the account of Jeremiah P. Robinson and others, executors of, and trustees under, the will of Jeremiah P. Robinson, deceased. From a decree of the surrogate disallowing his claim, Jeremiah P. Robinson individually appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

F. D. Sturges, for appellant.
R. Burnham Moffat, for respondents.

GOODRICH, P. J. The appellant was the son of the testator, and one of the executors of his will. He filed a claim with the executors in which he alleged that in 1880 his father and William Beard, George C. Robinson, and the estate of Isaac Rich were owners in common of certain real estate in Brooklyn, fronting on Gowanus Bay; that, in order to make the property more available for vessels, it was deemed advisable that the channel in Gowanus Bay should be widened and deepened; and that the estimated cost was $200,000. The claim continued as follows:

"Accordingly, as said operation of deepening the channel rightly came within the province of the United States government, and for which, if properly presented, an appropriation could be rightly secured, the owners of said property employed deponent to represent the necessity and advisability of such operation to the government, through the committees of the house of representatives and of the senate, and to the said house and senate, and to secure the necessary authority and appropriation. For said services the said owners at said time agreed to pay deponent the sum of $25,000 when said work should be finally completed, and the necessary appropriations made therefor. Deponent forthwith entered upon the performance of said employment, and, in order to be in funds necessary to be used from time to time, the said owners placed in his hands at said time the said sum of $25,000. That, through deponent's services, in 1881 an appropriation of $40,000 was obtained from congress for the work in question, and it was accordingly begun by the United States government. That thereafter, and in June, 1881, the first appropriation having been secured, and deponent having expended only a small portion of the sum so placed in his hands, he deposited the balance in the Farmers' Loan & Trust Company of New York City for the purpose of receiving inter-

est thereon, as further expenditure was not required until the next session of congress. Thereafter the said owners, and especially said William Beard, as the largest owner, requested that the unexpended balance be repaid them, to await further necessities, and to be repaid deponent when and as required, and upon the completion of the work; and deponent accordingly, in said month of June, returned to said owners the unexpended balance, being $18,535.52, in the following proportions (the interest of said Rich estate having been assumed by them), to wit: William Beard, 6/10, or $11,121.31; J. P. Robinson, 3/10, or $5,560.66; G. C. Robinson, 1/10, or $1,853.55."

—That he thereafter continued his services, and obtained other appropriations, amounting to $152,500, which said sum was expended by the government in the deepening of the channel. That the appellant expended large sums of money and labor in the services. He claims to be entitled to receive from the estate of his father the entire balance of $18,535.52.

Objections to the claim were filed by the special guardian of the infants interested in the estate; and the matter was referred by the surrogate to Daniel G. Rollins, Esq., who reported that the claim had not been proved, and that it should be rejected, saying:

"In the absence of evidence showing that there was an agreement with the testator, or with some one authorized to act in his behalf, that at the completion of the contemplated improvement he should be liable to restore to his son the amount which his son had paid back to him on June 21, 1881, I am compelled to find, and do find, that the son's claim must be wholly disallowed."

The surrogate confirmed the report of the referee, and from that order this appeal is taken.

In the view which we take of this appeal, it is not necessary to decide whether the agreement set up by the appellant falls within that class of contracts declared by numerous authorities to be contrary to public policy, as being an attempt to use illegitimate influence with departments of the government. Lyon v. Mitchell, 36 N. Y. 235; Mills v. Mills, 40 N. Y. 543; Powers v. Skinner, 34 Vt. 274. We think the surrogate was right in approving the report of the referee, that there was no evidence of any agreement on the part of the testator to repay to the appellant any portion of the sum which he had received from him.

In addition to this, it may be said that the appellant alleges that the four owners of the property agreed to pay him the specified sum of $25,000 when the work should be completed. This can be construed as nothing else than a joint agreement to pay the money; and, at common law, the death of one of the joint promisors not only severs the joinder, but terminates the liability that belonged to the deceased, so that it cannot be enforced against his representatives. 1 Pars. Cont. (8th Ed.) p. 31. This rule, however, is changed by section 758 of the Code of Civil Procedure, which provides that, where an action is pending, the estate of a person jointly liable with others on a contract shall not be discharged by his death. Randall v. Sackett, 77 N. Y. 480. It would be incumbent, therefore, upon the appellant, to exhaust his remedies against the survivors before proceeding against the estate of either one of them. We know of no principle which authorizes action solely against the representatives of the estate of one deceased, of several joint contractors, to recover the entire

.amount for which the original promisors were jointly liable. This is especially true where, as in the present case, the relation between the promisors is not that of partners, but of tenants in common of real property.

The decree of the surrogate must be affirmed, with costs. All concur.